### STATE OF MAINE *vs.* AMEDEE CYR.

York County. Decided April 27, 1938. The respondent was tried on an indictment charging him with the crime against nature by committing sodomy with a certain female person, and he was convicted. The evidence established beyond a reasonable doubt that he was guilty of committing the filthy and unnatural sexual act known to medical jurisprudence as fellatio. The case comes forward on his exception to the denial of his motion for a directed verdict of not guilty.

Since this state was first established, the offense laid in the indictment has been prohibited by statute. The present law as stated in R. S., Chap. 135, Sec. 3 reads:

"Whoever commits the crime against nature, with mankind or with a beast, shall be punished by imprisonment for not less than one year, nor more than ten years."

The statute gives no definition of the crime but with due regard to the sentiments of decent humanity treats it as one not fit to be named, leaving the record undefiled by the details of different acts which may constitute the perversion. The generality of the prohibition brings all unnatural copulation with mankind or a beast, including sodomy, within its scope.

The thesis of counsel for the respondent on the brief is that the offense here proved was not sodomy at common law and can not be deemed the crime against nature under the statute. This contention is not supported by reason or a convincing weight of authority. In the early case of *Rex* v. *Jacobs*, Russ. & R. C. C. 331, the judges held, but without stating reasons therefor, that fellatio was not sodomy, and controlled by the doctrine of *stare decisis*, this *ipse dixit* has been followed in this country by text-writers and by the courts in some states, and statutes deemed declaratory of the common law have been construed accordingly. *People* v. *Boyle*, 116 Cal., 658, 48 P., 800; *Koontz* v. *People*, 82 Col., 589, 263 P., 19; *Commonwealth* v. *Poindexter*, 133 Ky., 720, 118 S. W., 943; *Kinnan* v. *State*, 86 Neb., 234, 125 N. W., 594; *Mitchell* v. *State*, 49 Tex. Crim., 535, 95 S. W., 500; 3 Russ. Crim. (6th Ed.) 250; 2 Bishop's New Crim. Law, Sec. 1194.

By the weight of recent authority apparently supported by better reasoning, sodomy as used in connection with statutes prohibiting the crime against nature is interpreted in its broad sense and held to include all acts of unnatural carnal copulation with mankind or beast. We shall not cumber our reports with a recital of the rulings or reasons given therefor. We are in accord with the results reached in the following authorities. *State* v. *Maida*, 6 Boyce (Del.), 40, 96 A., 207; *Herring* v. *State*, 119 Ga., 709, 46 S. E., 876; *Glover* v. *State*, 179 Ind., 459, 101 N. E., 629; *Kansas* v. *Hurlbert*, 118 Kan., 362, 234 P., 945; *State* v. *Guerin*, 51 Mont., 251, 152 P., 747; *State* v. *Start*, 65 Ore., 178, 132 P., 512; *In re Benites*, 37 Nev., 145, 140 P., 436; *State* v. *Fenner*, 166 N. C., 248, 80 S. E., 970; *State* v. *Whitmarsh*, 26 S. D., 426, 128 N. W., 580; 8 R. C. L., Sec. 365; 55 Corpus Juris 788. Exception overruled. Judgment for the State. *Joseph E. Harvey*, County Attorney for State. *Max L. Pinansky, Mark L. Barrett, Harry S. Judelshon*, for respondent.