**STATE, Plaintiff-Appellee, v TARRANT, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4115.   Decided February 25, 1948.

186

Ralph J. Bartlett, Pros. Atty., Edmund B. Paxton, Asst. Pros. Atty., Columbus, for plaintiff-appellee.
Ralph Merchant, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from the Court of Common Pleas of Franklin County, Ohio. The indictment on which the defendant was tried charges in substance that the defendant unlawfully did have carnal copulation against nature with a certain beast, to wit, a dog. A jury trial was waived and the case was tried to the Court which made a finding of guilty and a judgment was duly entered. Briefly, the facts developed at the trial were that Virginia Tarrant, the defendant-appellant, while in an intoxicated condition, took into her month the male organ of a dog and engaged in the act of sodomy over some period of time.

The first four errors assigned are directed to the legal proposition that this does not constitute an offense as defined by §13043 GC which provides:

"Whoever has carnal copulation with a beast, or in any opening of the body, except sexual parts with another human being, shall be guilty of sodomy."

Appellant is contending that the term "carnal copulation" is restricted in its meaning so that it means only the joining of the sex organ of a human being with the sex organ of a

beast. If this is a true interpretation of the statute, then the defendant cannot be guilty. We think that the intention and purpose of the Legislature was to enact an act that would make unlawful unnatural acts of sex expression as between one human being and another and as between a human being and a beast. Our present statute is the result of a process of legislative statutory evolution, the process always leading towards the enactment of a law, that would prohibit unnatural sex acts as between human beings, and any form of sex acts as between human beings and a beast. In the early development of our law the crime of sodomy was defined as "whoever shall have carnal copulation against nature with another human being or with a beast shall be deemed guilty of sodomy". The defects of the above quoted statute are readily detected. The phrase "against nature" is so broad as to encompass a very wide field of conduct. In all criminal cases it has always been the law that the various elements constituting the crime should be those that can be defined and ordinarily understood. The phrase "against nature" defied such a simple definition and the statute was therefore defective and objectionable. Later, the statute was amended to read:

"Whoever shall have carnal copulation in any opening of the body except the sexual parts with another human being or with a beast shall be deemed guilty of sodomy."

It is apparent that this definition did not clearly express the legislative intent. From a casual reading of it, one could reach the conclusion that carnal copulation with a beast in the sexual parts could not have been sodomy, and therefore was not prohibited by law. This section was therefore repealed and §13043 GC was adopted. We believe that this section makes unlawful certain forms of sex expression as between a human being and a beast. We can only get the full import of the statute when we give a meaning to the phrase "Carnal copulation" as used therein and a meaning that is consistent with the entire context of the statute. The defendant-appellant wishes to give the term "carnal copulation" as used in this section two meanings: one meaning where it concerns human beings and another meaning where it concerns a human being and his or her conduct with a beast. We do not feel that the Legislature ever intended such a construction. The phrase "carnal copulation" has been defined in Vol. 12, C. J. S., page 1151, as "acting in a manner to gratify animal appetites or lust." In the same volume, at page 130,

the phrase is defined as, "The act of gratifying sexual desire, the consummation of marriage".

When a term is used in a statute it is a rule of construction that the Court will give to it that meaning which is consistent with the entire context of the statute. From the very wording of the statute it is obvious that the Legislature means for the phrase "carnal copulation" to embrace something more than just the joining of the sex organs of the opposite sex. The statute says "whoever has carnal copulation with a beast, or in any opening of the body, except sexual parts, with another human being, * * *". If the term means what the defendant-appellant contends it does, then there is no reason to place in the statute the exception, that is, where one human being has carnal copulation with another in the sexual parts. The statute in order to be given meaning, must be held to mean that there are openings of the body other than the sexual parts where there might be carnal copulation. The Courts have never hesitated to hold that when one takes the sex organs of another in his mouth, that that act constitutes the act of sodomy. We believe that the only difference as to what constitutes the offense of sodomy in Ohio as between human beings and between a human being and a beast is that in the case of a beast, any carnal copulation constitutes sodomy, while there are exceptions to these acts between human beings. The term as it refers to human beings is not given a different meaning than the one that is given in referring to a beast, but it is rather limited in the extent of its application. If it would be carnal copulation for human beings to perform the act complained of, we fail to see how it could be logically argued that it is not carnal copulation when performed by a human being and a beast.

The defendant-appellant relies upon the case of **State v Forquer, 74 Oh Ap 293.** In that case the appellate court of Huron County held that the act of cunnilingus is not made a crime by §13043 GC. We hold that the case on the facts is distinguishable from the case at bar. Without making any effort to define the phrase "Carnal copulation" the Court says that it is constrained to hold that the act cunnilingus is not within the purport of the statute. The defendant-appellant is not charged with this offense.

The next assignment of error is that the finding of the Court is against the manifest weight of the evidence. We can find no error in this assignment as the record discloses that several eye witnesses testified to the acts complained of. The Court had the opportunity to see and observe these wit-

nesses and to observe their demeanor on the witness stand. It was the sole province of the Court in this instance to weigh the testimony and we think that the record supports the finding of the Court.

Another error alleged is that the Court should have sustained the motion for a new trial upon the grounds of newly discovered evidence which could not have been discovered with reasonable diligence and produced at the trial. The allowance of a motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and his rulings thereon cannot be assigned as error unless material facts were admitted, or are found by the Court to be true and they in probability would change the result, or there has been a manifest abuse of discretion. We find that there was no admission or finding of such facts and that there was no abuse of discretion. The judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.