STATE OF MAINE
*vs.*
HOWARD TOWNSEND

TWO CASES

Oxford.    Opinion, February 7, 1950.

PER CURIAM.

The respondent was tried on two indictments, the one, charging him with the crime against nature under R. S. (1944), Chap. 121, Sec. 3, the other, charging him with a violation of R. S. (1944), Chap. 121, Sec. 6, commonly known as indecent liberties. By stipulation, both cases were tried together at the March Term, 1949, of the Superior Court of Oxford County held at Rumford and verdicts returned against the respondent in both cases. The two cases come forward on respondent's single bill of exceptions, all allegations of which aver that the presiding justice erred in charging the jury in certain particulars.

It should be noted at the outset that the indictments, the evidence, the exhibits and the justice's charge are not made a part of the bill of exceptions by reference or otherwise and while it is not necessary in all cases to include all the evidence, etc., this court has repeatedly ruled that it cannot "travel outside the bill of exceptions" and consider documents or evidence not made a part thereof though contained in the printed case. The bill of exceptions must be "able to stand alone." See *Jones* v. *Jones*, 101 Me. 447; 64 A. 815; *State* v. *Cohen*, 125 Me. 457, 458; 134 A. 627; *State* v. *Holland*, 125 Me. 526; 134 A. 914; *Bradford* v. *Davis*, 143 Me. 124; 56 A. (2nd) 68, 71. At all events, the bill of exceptions must in itself show in what respects that the respondent and excepting party was aggrieved. See *State* v. *Belanger*, 127 Me. 327; 143 A. 170. It is further noted that counsel, both

for the State and respondent, in their briefs refer to an exception taken by the respondent to the refusal of the presiding justice to direct a verdict of not guilty in both cases which exception is not included in the extended bill of exceptions signed by the presiding justice and for the reasons set forth above that exception is not before us, although the record and the docket entries show that it was seasonably taken. Even if some of the omissions in the bill of exceptions could be corrected by returning the bill to the Superior Court under R. S. (1944) Chap. 91, Sec. 14, inasmuch as the complete record of the cases is before us we have considered all the exceptions referred to in the bill of exceptions and, in addition, the exceptions arising out of the refusal of the presiding justice to direct a verdict in both cases, and the decision of this court would be unchanged had all the exceptions, including the exceptions to the refusal to direct a verdict in both cases been properly brought forward.

Specifically, exceptions 1, 2, 3, 4, 8, 9, 10 and 11 complain that the presiding justice erred in charging the jury either by the use of language which would prejudice the jury or in using language which implied that he was expressing an opinion contrary to the provisions of R. S. (1944), Chap. 100, Sec. 105. It is possible that certain isolated sentences standing alone might justify that conclusion but the correctness of the charge is to be determined from the whole charge and not isolated sentences. See *State* v. *Benner*, 64 Me. 267, 291; *State* v. *Jones et al.*, 137 Me. 137, 142; 16 A. (2nd) 103. We find no merit in the above exceptions.

Exception 5 deals with the materiality of proof with respect to proof of the date of the offense charged. The charge discloses no error.

Exceptions 6 and 7 raise the question of whether the detestable practice known in medical phrase as cunnilingus is made criminal by R. S. Chap. 121, Sec. 3, which reads:

"Sec. 3. Whoever commits the crime against nature with mankind or with a beast, shall be punished by imprisonment for not less than 1 year, nor more than 10 years."

Although several courts have stated and some have held that the phrase "crime against nature" is synonymous with and includes only the common law crimes of sodomy and buggery and does not include other destestable sexual perversions not embraced within those included in sodomy and buggery according to strict common law definitions of these terms, such has not been the interpretation of the phrase by this court. In *State* v. *Cyr*, 135 Me. 513, 514; 198 A. 743, we did not hesitate to include fellatio in "the crime against nature." In that case we said:

"The statute gives no definition of the crime but with due regard to the sentiments of decent humanity treats it as one not fit to be named, leaving the record undefiled by the details of different acts which may constitute the perversion. The generality of the prohibition brings all unnatural copulation with mankind or a beast, including sodomy, within its scope."

The same reasoning that would include fellatio within "the crime against nature" impels us to interpret the phrase as including cunnilingus.

As said by the North Carolina court in *State* v. *Griffin*, 175 N. C. 767, 769; 94 S. E. 678, in interpreting their statute which is couched in language almost identical with R. S. Chap. 121, Sec. 3:

"While the crime against nature and sodomy have often been used as synonymous terms, our statute is broad enough to include in the crime against nature other forms of the offense than sodomy and buggery. It includes all kindred acts of a bestial character whereby degraded and perverted sexual desires are sought to be gratified."

Although the offense considered in *State* v. *Griffin*, *supra*, was fellatio, the language used by the North Carolina court

with respect to that practice is equally applicable to cunnilingus and we adopt it as expressing our own views. "The method employed in this case is as much against nature, in the sense of being unnatural, indecent, and against the order of nature, as sodomy or any other bestial and unnatural copulation."

There appear to be no errors of law in the parts of the judge's charge to which respondent objected and the mandate will be

*Exceptions overruled.*

*Judgment for the State.*
*In both cases.*

*Robert T. Smith,* for the State.

*Max L. Pinansky,*
*Thomas Tetreau,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.