CARL EUGENE FISHER *v.* STATE OF TENNESSEE.

(*Knoxville,* September Term, 1954.)

Opinion filed March 11, 1955.

ROY N. STANSBERRY, of Knoxville, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is an appeal on the technical record from a conviction for a crime against nature. Code, Section 11184.

There appears to be no error in the technical record. Upon an examination of the record we found that the plaintiff in error had no counsel and it was thus that the court appointed Mr. Roy Stansberry to represent him. The only insistence made is that the offense as described in the indictment is not within the contemplation of the Statute which is:

"Crimes against nature.—Crimes against nature, either with mankind or any beast, are punishable by imprisonment in the penitentiary not less than five nor more than fifteen years." Code, Section 11184.

The indictment in the case charges penetration per os. The able brief, prepared by Mr. Stansberry and his assistant, Mr. Tom Dossett of the University of Tennessee Law School, relies upon the common law rule that such an act does not constitute the crime of sodomy. To support this contention counsel cites numerous cases from many States in the Union as well as English decisions. To the contrary the State insists that the Statute is not entitled to such a narrow construction and that the trend of all modern authority supports the position under this Statute the indictment here is good.

The narrow restrictive definition of the offense is referred to in the case of *State* v. *Start,* 65 Or. 178, 132 P. 512, 46 L. R. A., N. S., 266, thus:

"Many precedents are cited by the defendant in support of his theory. They are all traced back to and have their origin in the case of *Rex* v. *Jacobs,* Russell and Ryan's Crown Cases, p. 331. The prisoner there was convicted on evidence showing conclusively that he had accomplished the act by force in the mouth of a boy about seven years old, and the question was whether this was sodomy. All that is said in answer to the question in the report of the

case follows: 'In Easter term, 1817, the judges met and were of opinion that this did not constitute the offense of sodomy, and directed a pardon to be applied for.' The authorities cited by the defendant have implicitly followed this ipse dixit of the English court without giving any reason therefor, always controlled solely by the doctrine of stare decisis, and often with protests against the authority of the rule.''

Thus it appears that the rule contended for which is supported by numerous authorities that the basis of this rule was more or less perfunctory and was arrived at with apparently no reason. This ancient doctrine has been repudiated by many modern authorities as illustrated by the following cases: *State* v. *Griffin,* 175 N. C. 767, 94 S. E. 678; *Honselman* v. *People,* 168 Ill. 172, 48 N. E. 304; *State* v. *Start,* supra; *Ex parte De Ford,* 14 Okl. Cr. 133, 168 P. 58; *Means* v. *State,* 125 Wis. 650, 104 N. W. 815; *State* v. *Whitmarsh,* 26 S. D. 426, 128 N. W. 580; *State* v. *Maida,* 6 Boyce 40, 29 Del. 40, 96 A. 207; *State* v. *Altwatter,* 29 Idaho 107, 157 P. 256; *State* v. *Cyr,* 135 Me. 513, 514, 198 A. 743; 48 Am. Jur., Sodomy, Section 2.

This Court in an unpublished opinion of *Lester Brewer* v. *State,* Knox Criminal, November 1943, supports and upholds the position taken by the State in the instant case, that is, that the Statute covers the crime. This Court in that opinion relied upon what it there called the leading case of *State* v. *Cyr,* supra, above cited.

 Of course counsel for the plaintiff in error did not have access to this unpublished opinion. We do not like to nor do we ordinarily refer to unpublished opinions. Normally the opinions are not published because there is authority on the matter already published in the State.

When there is no authority for it and the opinion is not published the opinion is not to be taken as general authority. *Phoenix Cotton Oil Co.* v. *Royal Ind. Co.,* 140 Tenn. 438, 442, 205 S. W. 128. We think though that the reasoning of the Court is very persuasive and we must adopt such a reasoning in this case and hold that under the indictment herein it is an offense against the Statute— a crime against nature.

We must thank Mr. Roy Stansberry and his able assistant Mr. Tom Dossett of the University of Tennessee for the excellent work they did on behalf of the plaintiff in error herein.

For the reasons expressed the opinion below must be affirmed.