Richard STEPHENS, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Sept. 28, 1972.

Certiorari Denied by Supreme Court
Jan. 2, 1973.

Richard H. Winningham, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., William B. Hubbard, Asst. Atty. Gen., Nashville, John W. Goza, Jr., and Lawrence E. Young, Asst. Dist. Attys. Gen., Chattanooga, for defendant in error.

JOHN D. TEMPLETON, Special Judge.

## OPINION

Richard Stephens was convicted in the Criminal Court of Hamilton County of a crime against nature and sentenced to five years imprisonment. He filed his appeal in the nature of a writ of error insisting that the conviction cannot stand because (1) the crime for which he was convicted as referred to in our statute, T.C.A. 39–707, is unconstitutionally vague and (2) the victim's testimony is uncorroborated. We find no merit in the assignments and affirm the judgment.

■ T.C.A. 39–707 merely fixes the penalty for "Crimes against nature, either with mankind or any beast". The expression is a euphemism for the particular acts that constitute the offense of sodomy at common law. Therefore it is necessary to resort to the common law for a definition of the crime and a description of the acts. In its narrower sense sodomy is the carnal copulation between two human beings per anus, or by a human being in any manner with a beast. In its broader sense it is the carnal copulation by human beings with each other against nature or with a beast in which sense it includes all acts of unnatural copulation. Our courts probably accept the broader meaning since they have held that the proscribed acts may be per os

as well as per anus. 48 Am.Jur., Sodomy, Secs. 1 and 2; 81 C.J.S. Sodomy § 1; Fisher v. State, 197 Tenn. 594, 277 S.W.2d 340 (1955).

■ Since crime against nature means the common law offense of sodomy and the crime is well defined and described at common law, T.C.A. 39–707 is not unconstitutionally vague. There is no danger that some kind of sexual perversion apart from unnatural carnal copulation, unnatural sexual intercourse, could be embraced in the definition and description as plaintiff in error contends. The assignment is overruled.

■ According to the proof, the victim was a boy from Minnesota 19 years old who was wandering around over the United States on a motorbike. While passing through Hamilton County he was arrested and jailed on charges of violating the traffic laws and carrying a pistol. He was put in a part of the jail containing 10 others one or more of whom assaulted and beat him severely, leaving marks on his face and body that were visible for several days. The cells contained numerous razor blades and plaintiff in error had one in his hand prior to the sexual attack. At the direction of the inmate who administered most of the beating and some of the others the boy became the pathic party in several acts of sodomy committed upon him per os and per anus. The act committed by plaintiff in error was per anus. The acts occurred in the evening of his first day in jail and he did not report the matter until he was taken to court for his hearing on Tuesday after being arrested on Sunday. He could have reported it earlier but he was in jail with his molesters and the inmates were poorly supervised if supervised at all. It was reasonable for him to assume that a complaint would be ignored and his personal safety further jeopardized thereby. Under these circumstances it is clear as the jury no doubt concluded he did not consent to the crime and was not an accomplice. No corroboration of his testi-

mony was necessary. Davis v. State, 1 Tenn.Cr.App. 345, 442 S.W.2d 283 (1969). The assignment of error complaining there was no corroboration is overruled.

Having concluded no corroboration was necessary we do not take up and decide whether the facts and circumstances of the case including the complaint made to the police officer after the victim attended his hearing amounted to corroboration.

All of the assignments of error are overruled and the judgment is affirmed.

RUSSELL, and OLIVER, JJ., concur.