**Harold LOCKE, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Oct. 2, 1973.

Certiorari Denied by Supreme Court
Nov. 5, 1973.

Galbreath, J., dissented and filed an opinion.

———◆———

John D. Webb, James W. Bell, Robert M. Stivers, Jr., Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Lance D. Evans, Asst. Dist. Atty. Gen., Knoxville, for defendant in error.

## OPINION

RUSSELL, Judge.

■ Harold Locke was charged and convicted of committing a "crime against nature" as proscribed by T.C.A. § 39–707 against Minnie R. Rogers, and his punishment set at not less than five (5) nor more than seven (7) years in the penitentiary. The State's theory of the case was that Locke entered the apartment of a neighbor, Mrs. Rogers, late at night on the pretext of using the telephone, presented a butcher knife, and forced Mrs. Rogers to submit to two episodes of cunnilingus. This theory is adequately supported by the evidence, if we can say that what the victim testified to described cunnilingus. She was upset during her testimony as to the details of the occurrences, and counsel stopped with only these two cursory descriptions of the sex acts:

"A. * * * I told him I wasn't taking off my clothes, so I took my panties off and he made me get up on the bed, he pulled my legs apart and he started licking on me.

"Q. Did he lick?.

"A. Yes, he did.

"Q. Your private parts?

"A. (Crying) That's what he did."

\* \* \* \* \* \*

"Q. You got back on the bed the second time. What did he do the second time?

"A. He opened up my legs like I said and got down right between my legs and just started licking me.

"Q. He licked your private parts again?

"A. Yes.

We hold that this language, with reasonable inferences and in the context of the other details of the attacks, made out cunnilingus.

■ We next confront the question of whether or not cunnilingus is an act made unlawful as a "crime against nature" by T.C.A. § 39–707. We hold that it is. Our Supreme Court has heretofore held that fallatio is such a crime. Fisher v. State, 197 Tenn. 594, 277 S.W.2d 340. And, in Sherrill v. State, 204 Tenn. 427, 321 S.W.2d 811, our Supreme Court has specifically adopted the liberal Maine doctrine defining crimes against nature as bringing "all un-

natural copulation with mankind or a beast, including sodomy, within its scope", as first pronounced in the Maine case of State v. Cyr, 135 Me. 513, 198 A. 743. Maine has since broadened its case law to specifically hold cunnilingus included. State v. Townsend, 145 Me. 384, 71 A.2d 517. It would be a paradox of legal construction to say that fallatio, "which in common language means sexual perversion committed with the male sexual organ and the mouth", Sherrill v. State, supra, is proscribed as a crime against nature, but cunnilingus is not. We recognize that many states limit crimes against nature strictly to sodomy; but the weight of authority supports the view which we follow, said to be the better reasoned in 48 Am.Jur. 549, Sodomy § 2. This court used the following language in Stephens v. State, Tenn. Cr.App., 489 S.W.2d 542 (1972):

> " * * * In its narrower sense sodomy is the carnal copulation between two human beings per anus, or by a human being in any manner with a beast. In its broader sense it is the carnal copulation by human beings with each other against nature or with a beast in which sense it includes all acts of unnatural copulation. Our Courts probably accept the broader meaning since they have held that the proscribed acts may be per os as well as per anus. * * *"

■ Finally, T.C.A. § 39–707 is said to be unconstitutionally vague and indefinite. We disagree. See Stephens v. State, supra; State v. Wade M. Williams, an opinion of our Supreme Court filed May 21, 1973, at Jackson; and Charles W. Lane v. State, filed by this court in Knoxville July 23, 1973.

We express no opinion as to the constitutionality of the application of this statute to the private acts of married couples, a question inapplicable to the facts of this case, and not briefed herein. Nor does the case sub judice involve the application of the statute to consenting adults.

Affirmed.

WALKER, P. J., concurs.

GALBREATH, Judge (dissenting).

I must with all due respect for my colleagues in the majority point out that cursory research does not appear to substantiate the holding that "the weight of authority supports the view" that oral carressing of the vagina, or cunnilingus, is included in the acts proscribed by Section 39–707 of our criminal code which sets out:

> "Crimes against nature, either with mankind or any beast, are punishable by imprisonment in the penitentiary not less than five (5) years nor more than fifteen (15) years."

Less than one half of the jurisdictions in the nation have a statute such as ours[1] which is a reiteration of the common law definition of sodomy. In at least two states the statute has been declared unconstitutional. See Harris v. State (Alaska), 457 P.2d 638, and Franklin v. State (Fla.), 257 So.2d 21. From a review of the many cases cited in West's Fifth through Seventh Decennial Digests under Key Number 1 for Sodomy, nature and elements of offenses, the courts of six states have ruled that cunnilingus is not a form of sodomy while four states seem to have adopted the view expressed by the majority.

To hold that cunnilingus (an act approved by almost 90% of adults between 18

---

1. Alabama, Tit. 14 § 106; Alaska, Code § 11.40.120; Arizona, Code § 13–651; Arkansas, Code § 41–813; Connecticut, Code § 53–216; Delaware, Code § 11–831; Florida, Code § 800.01; Georgia, Code § 26–5901; Hawaii, Code § 768–71; Kansas, Code § 21–907; Kentucky, Code § 436.050; Maine Code Chp. 17 § 1001; Massachusetts, Code C. 272 § 34; Michigan, Code C. 25 § 750.158; Mississippi, Code § 2413; Montana, Code § 94–4118; New Jersey, Code 2A:143–1; North Carolina, Code § 14–177; Oklahoma, Code Chap. 21 § 886; Rhode Island, Code § 11–10–1; South Carolina, Code § 16–412; South Dakota, Code § 22–22–21; District of Columbia, Code § 22–3502.

and 34 according to an exhaustive study)[2] is a crime would seem to me to be judicial legislation of the plainest kind. The writer of this opinion is a strict constructionist. I firmly believe courts must take the law as it is made up for us by legislative bodies and higher judicial authority. One of the most basic canons of judicial behavior is incorporated in the doctrine of stare decisis. Although the issue involved in this case has never been passed on by either our Supreme Court or made the subject of legislation, we are firmly bound by many decisions which hold that when a statute is based on the common law, courts must look to the common law to determine the elements of the offense. See Apple v. Apple, 38 Tenn. 348. Our own Court has emphasized this in pointing out that acts of sexual deviation other than sodomy could never be the subject of prosecution under the statute:

"Since crime against nature means the common law offense of sodomy and the crime is well defined and described at common law, T.C.A. 39–707 is not unconstitutionally vague. There is no danger that some kind of sexual perversion apart from unnatural carnal copulation, unnatural sexual intercourse, could be embraced in the definition and description as plaintiff in error contends." Stephens v. State, Tenn.Cr.App., 489 S.W. 2d 542.

Affirmation of the conviction here for a perversion that did not involve copulation or sexual intercourse, natural or unnatural, is a direct refutation of what this Court said in *Stephens, supra,* and points up the danger inherent in judicial legislation. Where do we stop if we decree that any form of sexual activity is the equivalent of copulation or sexual intercourse so as to be unlawful if not confined to penis-vaginal connection? Even if we had the authority to legislate on the subject, where would we draw the line? Would we go as far as has the legislature of Indiana which has proscribed masturbation or self pollution [3] and thus condemn a practice that is so universally accepted now as normal under certain circumstances that the mature person who has never engaged in this type of activity would in all likelihood be considered biologically quite abnormal? I, for one, would certainly insist that such legislation proscribe, as do the Penal Codes of New York, Minnesota and Washington,[4] what I personally consider the most loathsome, degrading and vile sexual activity imaginable, i. e., necrophilia or sexual intercourse with a dead body. The fact that neither of these acts, the first of which must be conceded to be rather mild and innocuous, the second of which so horrible as to be repugnant to all but the most depraved, have as yet been legislated against in Tennessee might be a source of regret to some, but still the fact exists.

Of course, the act which the defendant committed was criminal in nature and deserving of punishment. To force another person by use of a deadly weapon to engage in any activity against his or her will is an aggravated assault and quite probably a violation of our statute against threats and coercion punishable by confinement in the penitentiary for as long as five years. See T.C.A. § 39–4301. Certainly all sexual acts, normal or otherwise, committed by an adult with a child should be punishable, whether force is involved or not. This would perhaps necessitate the overruling of prior decisions of our Supreme Court that a child of tender years can be an accomplice to sodomy or fellatio so that a conviction cannot be predicated on his testimony alone. See Sherrill v. State, 204 Tenn. 427, 321 S.W.2d 811.

---

2. "Sexual Behavior in the 1970's" *Playboy Magazine,* October, 1973, p. 85. See also Kinsey's *Sexual Behavior in the Human Female,* p. 257 (1942).

3. Indiana Code § 10–4221, IC 1971 35–1–89–1.

4. New York Penal Law 690; Minnesota Statute 617.14; Washington Rev.Stats. 2456.

From what has been pointed out above, it is clear that the laws in this State dealing with sexual perversions are in need of clarification. What is, or is not, illegal sexual activity could be, and in my view should be, set out in clear and precise terms so as to remove the present confusion and uncertainty. Surely we have progressed some from the dim past when Lord Coke spoke of sodomy as being "a detestable and abominable sin among Christians not to be named," although affirmation here would seem to be a regression since not even Lord Coke and his fellow English jurists through the centuries have felt it legally permissible to include cunnilingus, or even fellatio, within the definition of sodomy. See Rex v. Jacobs, 168 Eng.Rep. 830 (1817), construing 25 Henry VIII, C 6, 1533, the first statutory enactment of the common law offense Crime Against Nature.

The reticence expressed by Lord Coke and the framers of our statute to deal explicitly with the offense involved is a singular departure from one of the most basic rules of criminal procedure, i. e., that an accused is entitled to be notified of just what he has allegedly done to violate the law, usually by an indictment. To hold as has the puritanical court in Illinois would not seem to even slightly conform to this long established rule of law:

"It was never the practice to describe the particular manner or the details of the commission of the act, but the offense was treated in the indictment as the abominable crime not fit to be named among Christians. . . . The existence of such an offense is a disgrace to human nature. The legislature has not seen fit to define it further than by the general term, and the records of the courts need not be defiled with the details of different acts which may go to constitute it. A statement of the offense in the language of the statute, or so plainly that its nature may be easily understood by the jury, is all that is required." Honselman v. People, 168 Ill. 172, 48 N.E. 304 (1897).

This reasoning seems to suggest two fallacies to me. Firstly, that sodomy is the most abhorrent of all crimes, so much so that it may not even be defined in writing. Any person who believes that sodomy is more abhorrent than murder, which is sharply defined by statute, in my opinion has a misplaced sense of priority. Secondly, the attitude of the Maine Court, now adopted by the majority, seems to be "everyone knows what a crime against nature is, so why spell it out?" In the first place there have been so many disagreements as to what constitutes the offense that such reasoning falls under its own weight. (The legal paradox mentioned by the majority has not prevented some few states, at least two, from holding that while fellatio is proscribed as a crime against nature, cunnilingus is not. State v. Tarrant, 83 Ohio App. 199, 80 N.E.2d 509, and Riley v. Garrett, 219 Ga. 345, 133 S.E.2d 637.) Secondly, if there is no need to define this offense, why should it be necessary to define every other offense in our statutes exacting penal sanctions? Are arson, rape robbery, burglary, forgery, etc. so little understood that they must be carefully defined while the never before in this State judicially encountered activity involved here is so familiar to all that one accused of committing a "crime against nature" must of necessity know what he is supposed to have done so as to be able to prepare a defense? The defendant here has the dubious distinction of being the only person in the history of this State, so far as reference to our case law is concerned, who has ever been sentenced to prison for committing this act which, as aforesaid, has been statistically attributed to some 46% of the adult population.

Cunnilingus, unlike fellatio, does not involve the virile male organ of reproduction. It would seem that it is the penis that must penetrate in order to accomplish the offense. Regardless of how loathsome

one might view such conduct, surely, inserting any other part of the body against, or even in, the vagina would not be an offense under the common law or our statute. For instance, if the defendant had forced his victim onto the bed as the proof shows and had her remove her clothing and then placed his hand or one of his fingers against her vagina, this would not be punishable under the statute. Even if penetration should be made with the finger, or nose, toe, lips, tongue, or some foreign object, it is doubtful if this would meet the test under the common law or statute.

Proof of penetration is lacking.

"Penetration has been held an essential element of the crime of sodomy both at common law and under a number of the statutes defining and punishing the offense, but any penetration, however slight, is sufficient, and on penetration the crime becomes complete. The view that cunnilingus is not within the crime against nature, as discussed supra subdivision b(1) of this section, has been based on the lack of penetration of the body." 81 C.J.S. Sodomy § 1(4).

I concur with the majority in that the marital status of the parties involved or the presence or lack of consent or force is irrelevant. The statute is completely prohibitionary, and admits of no exception by its clear terms. The age, status or condition of the parties add nothing to nor do they detract from the act of cunnilingus, except that obviously at least one of the subjects must be female.

Under the evidence the defendant is certainly guilty of an aggravated assault and battery since the proof is that he employed a deadly weapon to force his will on the prosecutrix, but under the present posture of the law in this State, in my considered opinion, he did not commit sodomy. I would reverse with a suggestion that a more appropriate prosecution be considered.