**Harold LOCKE, Plaintiff-Appellant,**

v.

**Jimmy H. ROSE, Warden,
Defendant-Appellee.**

No. 74–1858.

United States Court of Appeals,
Sixth Circuit.

April 4, 1975.

Harold Locke, Ray Lee Jenkins, Knoxville, Tenn. (Court appointed—CJA), for plaintiff-appellant.

David M. Pack, Atty. Gen. of Tenn., Nashville, Tenn., Bart C. Durham, III, R. A. Ashley, Jr., E. R. Trotter, Asst. Attys. Gen., for defendant-appellee.

Before EDWARDS, PECK and LIVELY, Circuit Judges.

PER CURIAM.

Plaintiff-appellant ("appellant") was convicted in state court of committing a "crime against nature," Tenn.Code Ann. § 39–707 (1955),[1] by forcibly performing cunnilingus on a neighbor. The Tennessee court of criminal appeals (2:1) affirmed the conviction, rejecting appellant's claim that section 39–707 was unconstitutionally vague, Locke v. State, Tenn.Cr.App., 501 S.W.2d 826, 828 (1973), and the Tennessee Supreme Court denied certiorari (November 28, 1973).

Thereafter, appellant filed, *pro se*, the instant petition for writ of habeas corpus in the district court. That court, by order, rejected appellant's claim of unconstitutional vagueness in light of Wainwright v. Stone, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973), and denied relief. We reverse.

We do not understand defendant-appellee ("appellee") as arguing that the statutory term, "crimes against nature," could in and of itself withstand a charge of unconstitutional vagueness. Neither could appellee so argue, Harris v. State, 457 P.2d 638 (Alaska 1969), see Perkins v. State, 234 F.Supp. 333, 336 (W.D.N.C. 1964), Hogan v. State, 84 Nev. 372, 441 P.2d 620, 621 (1968), particularly since courts have differed widely in construing

the reach of "crimes against nature" to cunnilingus. Compare Parris v. State, 43 Ala.App. 351, 190 So.2d 564 (1966) and Warner v. State, 489 P.2d 526 (Okla.Cr. 1971) with State v. Hill, 179 Miss. 732, 176 So. 719 (1937) and Estes v. State, 244 Ind. 691, 195 N.E.2d 471, 473 (1964) (but see Dixon v. State, 256 Ind. 266, 268 N.E.2d 84 (1971)).

Although *Stone* upheld the constitutionality of Florida's "crime[s] against nature statute," Fla.Stat.Ann. § 800.01 (1969), as applied to copulation per os and per anum, the Court noted that the Florida statute had long been construed as proscribing "[t]hese very acts." See, e. g., Delaney v. State, 190 So.2d 578 (Fla.Sup.Ct.1966), appeal dismissed, 387 U.S. 426, 87 S.Ct. 1710, 18 L.Ed.2d 866 (1967); Ephraim v. State, 82 Fla. 93, 89 So. 344 (1921). Conversely, no reported Tennessee opinion had previously applied the Tennessee statute to cunnilingus.[2] Section 39–707 had been applied exclusively as proscribing copulation per anum, Johnson v. State, 201 Tenn. 11, 296 S.W.2d 832 (1956), Stephens v. State, Tenn.Cr.App., 489 S.W.2d 542 (1972), and fellatio, Fisher v. State, 197 Tenn. 594, 277 S.W.2d 340 (1955), Sherrill v. State, 204 Tenn. 427, 321 S.W.2d 811 (1959), Boulton v. State, 214 Tenn. 94, 377 S.W.2d 936 (1964), Davis v. State, 1 Tenn.Cr.App. 345, 442 S.W.2d 283 (1969).

Appellee, however, argues that language in prior state court opinions, particularly in *Sherrill, supra,* has cured the unconstitutional vagueness of section 39–707 as applied to cunnilingus. Though *Sherrill* explicitly adopted the "liberal" statutory construction of State v. Cyr, 135 Me. 513, 198 A. 743 (1938), *Cyr* involved fellatio rather than cunnilingus. Moreover, *Sherrill* failed to cite State v. Townsend, 145 Me. 384, 71 A.2d 517, 518 (1950), which applied the Maine statute to cunnilingus. Even had *Sherrill* cited *Townsend*, however, such citation most likely would still have failed in putting "[m]en of common intelligence,"

---

1. "Crimes against nature, either with mankind or any beast, are punishable by imprisonment in the penitentiary not less than five (5) years nor more than fifteen (15) years."

2. But cf. Polk v. Ellington, 309 F.Supp. 1349 (W.D.Tenn.1970).

Winters v. New York, 333 U.S. 507, 515, 68 S.Ct. 665, 92 L.Ed. 840 (1948), on notice of the court's cunnilingus-reaching interpretation. Likewise, *Stephens, supra,* even assuming that it preceded appellant's challenged act[3] cannot preclude "men of common intelligence [from] necessarily guess[ing] at its meaning and differ[ing] [at] its application" as applied to cunnilingus. Bouie v. Columbia, 378 U.S. 347, 351, 84 S.Ct. 1697, 1701, 12 L.Ed.2d 894 (1964).

■ *Stephens,* the Tennessee courts' most candid attempt at outlining the scope of section 39–707, defined the statutory "crime against nature" as

> "a euphemism for the particular acts that constitute the offense of sodomy at common law. . . . In its narrower sense sodomy is the carnal copulation between two human beings per anus, or by a human being in any manner with a beast. In its broader sense it is the carnal copulation by human beings with each other against nature or with a beast in which sense it includes all acts of unnatural copulation. Our courts *probably* accept the broader meaning . . .." (Emphasis added) 489 S.W.2d at 543.

First, sodomy at common law included only copulation per anum. *Perkins, supra,* 234 F.Supp. at 335; Note, The Crimes Against Nature, 16 J. Public Law 159, 162 (1967). Second, *Stephens* only hinted that Tennessee "probably" accepts the broader view of crimes against nature. Moreover, even had the court expressly adopted the broader view, such view, as described, proscribing "carnal copulation by human beings with each other against nature . . . includ[ing] all acts of unnatural copulation," would still fail to give "fair warning," *Bouie, supra,* 378 U.S. at 350, 84 S.Ct. at 1697, of the proscription of cunnilingus.

In accordance with the foregoing, the judgment of the district court is reversed and the case is remanded to the district court for remand to the Criminal Court of Knox County for such further proceedings as may be deemed appropriate and permissible under the applicable law, such as a prosecution for aggravated assault and battery, see, e. g., *Locke, supra,* 501 S.W.2d at 831; and provided further that if no such proceedings are instituted within sixty days of such remand, the writ shall issue and appellant shall stand discharged.

---

**3.** *Stephens* was filed on September 28, 1972. Appellant's petition for writ of habeas corpus indicates that he was convicted on October 3, 1972, the forced cunnilingus thereby virtually certainly occurring prior to September 28, 1972.