**Leonard Jasper YOUNG, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

Dec. 30, 1975.

Walker Gwinn, C. L. Lenow, Asst. Public Defenders, Memphis, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Tom Jennings, Asst. Atty. Gen., Nashville, Lloyd A. Rhodes, Dist. Atty. Gen., Joe Patterson, Asst. Dist. Atty. Gen., Memphis, for respondent.

OPINION

HENRY, Justice.

We address the narrow and limited issue of whether cunnilingus is a crime against nature as defined and prohibited by Section 39–707 T.C.A.[1]

Petitioner was convicted under an indictment charging that he committed a crime against nature "by placing his mouth against the genital organs" of a female. The proof showed the female to have been fourteen years of age and that the act was committed forcibly, violently and against her will.

1. Section 39–707 T.C.A. provides:
   Crimes against nature, either with mankind or any beast, are punishable by imprisonment in the penitentiary . . .

The Court of Criminal Appeals affirmed the judgment of the trial court, rejecting petitioner's insistence that the judgment could not stand since cunnilingus was not a crime at the common law and is not specified as a forbidden act under § 39–707 T.C.A.

### I.

Notwithstanding the fact that this statute was initially adopted in 1828, the first reported case dealing with its meaning and effect was *Fisher v. State,* 197 Tenn. 594, 277 S.W.2d 340 (1955). There the indictment charged penetration per os and the defense was that this did not constitute the crime of sodomy, and was not within the contemplation of the statute. The Supreme Court recognized and rejected the "narrow restrictive definition of the offense" and held that fellatio was an offense against the statute and a crime against nature.

Four years after *Fisher,* this Court decided *Sherrill v. State,* 204 Tenn. 427, 321 S.W.2d 811 (1959), and held again that fellatio was within the scope of the statute. The Court's opinion, as in *Fisher,* was substantially based upon *State v. Cyr,* 135 Me. 513, 198 A. 743 (1938), wherein the Maine Court said, in part:

> The generality of the prohibition brings all unnatural copulation with mankind or a beast, including sodomy, within its scope.

Neither *Fisher* (1955) nor *Sherrill* (1959) cited *State v. Townsend,* 145 Me. 384, 71 A.2d 517, decided by the Maine Supreme Court in 1950, and holding cunnilingus to be a crime against nature.

In *Davis v. State,* 1 Tenn.Cr.App. 345, 442 S.W.2d 283 (1969) the court upheld a conviction of fellatio, however this case essentially involved corroboration.

Next in chronological sequence we note *Polk v. Ellington,* 309 F.Supp. 1349 (W.D. Tenn.1970), which, to our knowledge, represents the first attack made on the sodomy statute based upon its being vague and overbroad. The Court invoked the doctrine of abstention but did hint that the statute "may be unconstitutionally overbroad."

In 1973 our courts, for the first time, considered the constitutionality of the statute, holding in *Stephens v. State,* 489 S.W.2d 542 (Tenn.Cr.App.1973), that it was not unconstitutionally vague. The Court, however, was dealing with an act of conventional sodomy. The Court said, in part:

> . . . The expression is a euphemism for the particular acts that constitute the offense of sodomy at common law. Therefore it is necessary to resort to the common law for a definition of the crime and a description of the acts. In its narrower sense sodomy is the carnal copulation between two human beings per anus, or by a human being in any manner with a beast. In its broader sense it is the carnal copulation by human beings with each other against nature or with a beast in which sense it includes all acts of unnatural copulation. Our courts probably accept the broader meaning since they have held that the proscribed acts may be per os as well as per anus. (Citations omitted). 489 S.W.2d at 543.

The Court of Criminal Appeals was unduly cautious in its assertion that "(o)ur courts *probably* accept the broader meaning." Our Court in *Fisher, supra,* and *Sherrill, supra,* had clearly accepted the broader meaning.

The Court of Criminal Appeals decided *Stephens, supra,* on September 28, 1972, and the Supreme Court denied certiorari in January 1973. In October of that year the Court released its opinion in *Locke v. State,* 501 S.W.2d 826 (Tenn.Cr.App.1973). For the first time cunnilingus was held to be a crime against nature, within the meaning of our statute. The Court relied upon *Fisher, Stephens* and *Sherrill, supra.* Significantly the Court concluded its opinion by saying:

> We express no opinion as to the constitutionality of the application of this statute to the private acts of married couples, a

question inapplicable to the facts of this case, and not briefed herein. Nor does the case sub judice involve the application of the statute to consenting adults. 501 S.W.2d at 828.

The constitutionality of the statute in a case involving sodomy, was again upheld in *Cook v. State,* 506 S.W.2d 955 (Tenn.Cr. App.1974).

Then in *Lundy v. State,* 521 S.W.2d 591 (Tenn.Cr.App.1975), the Court held that forcible cunnilingus was a proscribed crime against nature.

In the meantime *Locke* was working its way through the federal system. First, he filed his petition for the writ of habeas corpus in the United States District Court for the Eastern District of Tennessee. That court denied the petition, holding that when considered in the light of previous interpretations by the courts of Tennessee, § 39–707 was "not constitutionally vague nor impermissibly overbroad."

Petitioner appealed to the Court of Appeals for the Sixth Circuit and that court held that Tennessee's "crime against nature" statute, even when aided by decisional law, did not give fair notice that the law applied to an act of cunnilingus. See *Locke v. Rose,* 514 F.2d 570 (6th Cir. 1975). The court took the position that the statute did not put men of common intelligence "on notice of the court's cunnilingus interpretation" and did not preclude the necessity of their guessing at its meaning, citing *Bouie v. Columbia,* 378 U.S. 347, 351, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964).

■ The State then petitioned the Supreme Court of the United States for writ of certiorari. The writ was granted and a per curiam opinion was released on 17 November 1975. See *Rose v. Locke,* —— U.S. ——, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975). The following language from the Court's opinion is significant:

It is settled that the fair-warning requirement embodied in the Due Process Clause prohibits the States from holding

an individual "criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954); see *Wainwright v. Stone,* 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973). But this prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for "[i]n most English words and phrases there lurk uncertainties." *Robinson v. United States,* 324 U.S. 282, 286, 65 S.Ct. 666, 668, 89 L.Ed. 944 (1945). Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid. Cf. *Nash v. United States,* 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232 (1913); *United States v. National Dairy Corp.,* 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963). All the Due Process Clause requires is that the law give sufficient warning that men may conform their conduct so as to avoid that which is forbidden.

We digress to quote the following language from *Wainwright, supra,* in view of the Court's reliance thereon:

The judgment of federal courts as to the vagueness or not of a state statute must be made in the light of prior state constructions of the statute. For the purpose of determining whether a state statute is too vague and indefinite to constitute valid legislation "we must take the statute as though it read precisely as the highest court of the State has interpreted . . ." claims of impermissible vagueness must be judged in that light. 414 U.S. at 22, 23, 94 S.Ct. at 192.

After noting the holdings in *Fisher* and *Sherrill, supra,* the Court, in *Rose v. Locke,* said:

Thus, we think that the Tennessee Supreme Court had given sufficiently clear

notice that § 39–707 would receive the broader of two plausible interpretations and would be applied to acts such as those committed here when such a case arose.

## II.

We hold that § 39–707 T.C.A. embraces the crime of cunnilingus.

Tennessee's posture is firmly established by ample judicial precedent. This is now buttressed by a holding of the Supreme Court of the United States that the statute is not impermissibly vague. While we are not bound by this holding, except to the extent of federal constitutional law, we recognize that there is substantial merit in the stability and consistency of the law. With these considerations in mind, we hold that the statute is not impermissibly vague under Article 1, Section 8 of the Constitution of Tennessee.

We do not reach the general question of the constitutionality of this statute in the face of a challenge based upon its being overbroad. See *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). Specifically we make no judgment with respect to the constitutionality of the application of this statute to private consensual acts engaged in by adults, nor such practices pursued in private and within the framework of the marital relationship. In those instances other controlling considerations are involved.

It would not be amiss for the legislature to take a new and fresh look at Tennessee's 150-year old "crime against nature" statute. Such a re-evaluation, in the light of modern mores and morality, would be in the public interest and would be of substantial assistance in the administration of criminal justice.

Affirmed.

FONES, C. J., COOPER and HARBISON, JJ., and DYER, Special Justice, concur.