STATE of Tennessee, Appellant,

v.

John Anthony WILKINS, Appellee.

Supreme Court of Tennessee,
at Knoxville.

July 25, 1983.

Opinion On Petition to Rehear
Aug. 29, 1983.

Wayne E. Uhl, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, for appellant.

Herbert S. Moncier, Knoxville, Martha S.L. Black, Maryville, for appellee.

OPINION

COOPER, Justice.

In this appeal the state challenges the trial court's dismissal of the aggravated rape count of an indictment against defendant. The trial judge held that the definition of aggravated rape in T.C.A. § 39–3703 (now § 39–2–603) is so vague that it violates the due process clauses of our federal and state constitutions. U.S. Const. amend. V; Tenn. Const. art. 1, § 8. The propriety of this ruling is the sole issue presented for review.

Aggravated rape was first made a distinct statutory offense in Tennessee by § 3 of chapter 429 Public Act 1979. The offense was codified as T.C.A. § 39–3703. In 1980 the original statute was replaced with the present version. Ch. 788, § 2 Pub. Act 1980. Defendant was indicted under the portion of the statute which provides that "[a]ggravated rape is unlawful sexual penetration of another accompanied by any one of the following circumstances: ... (2) the defendant causes personal injury to the victim." T.C.A. § 39–2–603(a)(2). Rape is made a separate offense by T.C.A. § 39–2–604. Sexual penetration and personal injury are defined in T.C.A. § 39–2–602.

Defendant insists that the aggravated rape statute is unconstitutionally vague and overbroad. The objection to the statute is premised on its failure to specify that the proscribed sexual penetration must be accomplished by force or coercion and must be against the will or without the consent of the victim. Because of this omission, defendant insists that the statute fails to give reasonable notice of the conduct prohibited thereby and that it proscribes consensual activity undertaken in private by adults, or within a marital relationship, where one partner suffers personal injury. We recently held that the words of the challenged provision "are sufficiently precise to put an individual on notice of prohibited activities." *State v. Thomas,* 635 S.W.2d 114, 116 (Tenn.1982). We reaffirm our holding in *Thomas* and conclude that, as applied to this defendant, the aggravated rape statute is constitutional.

The fair warning requirement embodied in the due process clause prohibits states from holding an individual criminally responsible for conduct which a person of common intelligence "could not reasonably understand to be proscribed" by an enactment. *United States v. Harris,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). *See also State v. McDonald,* 534 S.W.2d 650, 651–52 (Tenn.1976), *cert. denied* 425 U.S. 955, 96 S.Ct. 1733, 48 L.Ed.2d 200, *reh. denied* 425 U.S. 1000, 96 S.Ct. 2219, 48 L.Ed.2d 826 (1976); *Paine v. Fox,* 172 Tenn. 290, 112 S.W.2d 1 (1938); *State v. Maloney,* 108 Tenn. 82, 88, 65 S.W. 871, 872 (1901). A statute meets the requirements of due process, however, if reasonable notice of prohibited conduct is given and the statutory boundaries are sufficiently distinct for judicial administration. *State v. Hinsley,* 627 S.W.2d 351, 354 (Tenn.1982). The due process prohibition

> does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness for '[i]n most English words and phrases there lurk uncertainties.... Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what statutes may compel or forbid.

Rose v. Locke, 423 U.S. 48, 50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). Absolute precision in drafting prohibitory legislation is not required since prosecution could then easily be evaded by schemes and devices. State v. Netto, 486 S.W.2d 725, 728 (Tenn. 1972).

■ In determining whether a statute violates due process it is appropriate to consider the interpretation given the statute by the highest state court. Wainwright v. Stone, 414 U.S. 21, 22, 94 S.Ct. 190, 192, 38 L.Ed.2d 179 (1973). Judicial interpretation by the state supreme court can give sufficiently clear notice of what is proscribed by a statute to satisfy the due process notice requirement. Rose v. Locke, 423 U.S. 48, 52, 96 S.Ct. 243, 245, 46 L.Ed.2d 185 (1975). " 'That is not uncertain or vague which by orderly processes of litigation can be rendered sufficiently definite and certain for purposes of judicial decision.' " Donathan v. McMinn County, 187 Tenn. 220, 213 S.W.2d 173, 176 (1948). Also, " '[t]he use of common experience as a glossary is necessary to meet the practical demands of legislation.' " State v. Netto, 486 S.W.2d 725, 729–30 (Tenn.1972).

We have upheld a statute making it a criminal offense to " 'unlawfully sexually molest or fondle' " a child. Sissom v. State, 210 Tenn. 556, 360 S.W.2d 227 (1962). In Sissom we concluded that due process was satisfied where a normal person would intend and recognize defendant's conduct as sexual molesting and fondling. Similarly, a proscription of crimes against nature has been repeatedly upheld. Fisher v. State, 197 Tenn. 594, 277 S.W.2d 340 (1955) (fellatio proscribed by statute); Stephens v. State, 489 S.W.2d 542 (Tenn.Cr.App.1973) (sodomy proscribed); Locke v. State, 501 S.W.2d 826 (Tenn.Cr.App.1973), aff'd sub nom. Rose v. Locke, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975) (cunnilingus proscribed). In Stephens the court observed that the term crime against nature "is a euphemism for the particular acts that constitute the offense of sodomy at common law. Therefore it is necessary to resort to the common law for a definition of the crime and a description of the acts." Stephens at 543 (emphasis added).

■ At common law rape was defined as "the unlawful carnal knowledge of a woman over the age of ten years forcibly and without her consent, or, as otherwise expressed, by force, or forcibly, and against her will, or such knowledge of a female child under the age of ten years, either with or without her consent." 75 C.J.S., Rape, § 1, p. 461. The three elements of the crime are carnal knowledge, force, and commission of the act without the consent or against the will of the victim. C.J.S. § 8, p. 471; 65 Am.Jur.2d, Rape, § 2, pp. 762–63. Our review of the statutory and case law indicates that the common law definition of rape has been adopted in Tennessee. See T.C.A. § 39–2–604(a)(1); T.C.A. § 39–3701 (repealed 1977); T.C.A. § 39–3703 (repealed 1980); King v. State, 210 Tenn. 150, 357 S.W.2d 42 (1962); Bowmer v. State, 157 Tenn. 124, 6 S.W.2d 326 (1928); Bloodworth v. State, 65 Tenn. 614 (1872); Wyatt v. State, 32 Tenn. 394 (1852).

■ With the foregoing in mind, we conclude that the challenged portion of the aggravated rape statute gives adequate notice of the conduct proscribed. The statute states that "[a]ggravated rape is unlawful sexual penetration" accompanied by one of the enumerated aggravating circumstances. We think that the term rape is commonly understood and was adopted by the legislature in T.C.A. § 39–2–604(a)(1) as defined at common law and historically employed in our state. That is, by T.C.A. § 39–2–604(a)(1) the legislature proscribed sexual penetration accomplished by force and without the consent or against the will of the victim. T.C.A. § 39–2–603(a)(2) proscribes aggravated rape and thus necessarily incorporates the definition of rape, being but an aggravated form of the same offense.

■ The indictment against defendant charged that he accomplished "sexual inter-

course" (penetration) with the victim by "force and coercion" and "against her will." The elements of the offense of rape were thus charged. In addition, defendant was alleged by the indictment to have caused "personal injury" to the victim by his acts. Therefore, the indictment clearly set out the elements of the offense proscribed in T.C.A. § 39–2–603(a)(2). We cannot but conclude that the normal adult is cognizant that the acts with which defendant is charged constitutes rape. By reference to the statute, the crime charged is clearly aggravated rape. Under the circumstances of this case defendant cannot be heard to complain of lack of reasonable notice that the acts of which he is accused fell squarely within the aggravated rape proscription. In *Oliver v. United States,* 230 F. 971 (9th Cir.1916), *cert. denied* 241 U.S. 670, 36 S.Ct. 721, 60 L.Ed. 1230, the defendant challenged a federal statute proscribing assault with intent to commit rape. Rape was made a crime punishable by death in another code section but was not defined in the code. The court upheld the statute, noting that "by giving a crime a name known . . . to common law a crime is not less clearly ascertained than it would be by using the definition as found in the treatises of the common law." *Oliver* at 973. The legislature " 'may as well define, by using a term of a known and determinate meaning, as by an express enumeration of the particulars included in that term. That is certain which is by necessary reference, made certain.' " *Oliver* at 973. *See generally* 75 C.J.S., *Rape,* § 1 p. 463. *See also State v. Flaherty,* 128 Me. 141, 146 A. 7 (1929).

Inasmuch as defendant is charged with forcible sexual intercourse against the will of the victim, we do not reach the overbreadth argument that defendant advances but which is not presented by the facts of this case. *See Young v. State,* 531 S.W.2d 560, 563 (Tenn.1975). The sexual penetration with which defendant is accused clearly was *not* a consensual undertaking between adults or within a marriage.

The judgment of the trial court is reversed and the cause is remanded for pro-ceedings consistent with the opinions expressed herein. Costs are assessed against the appellant.

FONES, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.

## ON PETITION TO REHEAR

COOPER, Justice.

A petition has been filed asking the court to reconsider the issue of costs and to assess the costs incident to the appeal against the appellee, John Anthony Wilkins. Generally, costs of an appeal are to be paid by the losing party. *See* Tennessee Rules Of Appellate Procedure, Rule 40(a). That was our intention in this case. Accordingly, the judgment entered in this case will be modified to show that costs incident to the appeal are adjudged against the appellee, John Anthony Wilkins.

FONES, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.