**STATE of Tennessee, Appellee,**

v.

**Alvin H. BROWN, Appellant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

Jan. 19, 1990.

Permission to Appeal Denied by
Supreme Court May 14, 1990.

Charles W. Burson, State Atty. Gen. & Reporter, James W. Milam, Asst. State Atty. Gen., Nashville, Jeff Hollingsworth, Asst. Dist. Atty. Gen., Tom Evans, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

Conrad Finnell, Cleveland, William R. Heck, Chattanooga, for appellant.

## OPINION

BYERS, Judge.

The appellant was convicted of thirteen counts of embezzlement under T.C.A. § 39-5-409, the Embezzlement of Public Money or Property Act. He was found to have acted in his capacity as service director of the operations and maintenance department of the Chattanooga City School System to direct city employees to improve the property of several private citizens. These home improvements were made during regular working hours while the employees were being paid with city funds. Some of the work was done with materials belonging to the school system.

The appellant was sentenced as a Range I standard offender to five years imprisonment on each count with the sentences to run concurrently. He was fined $9,810.59 by the jury.

The appeal is limited to one narrow issue: whether or not the language of T.C.A. § 39-5-409 prohibits the use of labor by public employees for private purposes.

The judgment is affirmed.

T.C.A. § 39-5-409 provides as follows:

**Embezzlement of public money or property—Penalty.—**If any person charged with the collection, safekeeping, transfer, or disbursement of money or property belonging to the state or any county or any municipality in the state, use any part of said money or property by loan, investment, or otherwise, without authority of law, or convert any part thereof to his own use in any way whatever, he is guilty of embezzlement, and for every such act, upon conviction, shall be punished as in case of larceny, and fined in a sum equal to the money embezzled, to be applied in satisfaction thereof.

**32**

The appellant maintains the statute refers only to money or property, and therefore can be applied only when money or tangible personal property are diverted by a public official. He argues for a strict construction of the language of this provision and contends the statute, as written, does not provide a clear warning to the ordinarily prudent man that the use of city employees to do favors for private citizens on city time is a criminal act. We disagree.

■ The rules of statutory construction do not require us to interpret this statute so narrowly as to defeat its purpose. Rather, we interpret it according to the fair import of its terms so as to give effect to the legislature's intent. "A statute meets the requirements of due process ... if reasonable notice of prohibited conduct is given and the statutory boundaries are sufficiently distinct for judicial administration." *State v. Hinsley*, 627 S.W.2d 351, 354 (Tenn.1982); *State v. Wilkins*, 655 S.W.2d 914 (Tenn.1983).

■ In creating this statute, the legislature expanded the general embezzlement statute to prevent public officials from converting any of the public's property to their own use.

The time and labor provided by the employees of the Chattanooga City School System were purchased with public funds and thus became property, with an easily determined value, which belonged to the city. The appellant converted the proceeds of those public funds to his own use to repay favors and create a more comfortable. home for himself and his girl friend. The statute was sufficiently clear to have placed the appellant, or any other public official, on notice that the embezzlement of the labor of employees of the State of Tennessee, or any county or municipality therein, is a criminal act.

DUNCAN, P.J., and WADE, J., concur.