**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**NOVEMBER 1999 SESSION**

**FILED**

**January 27, 2000**

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9810-CR-00372 |
| | ) | |
| | ) | Hamilton County |
| v. | ) | |
| | ) | Honorable Rebecca J. Stern, Judge |
| | ) | |
| **BRUCE MONROE STEVENSON**, | ) | (Simple assault; attempted first |
| | ) | degree murder) |
| Appellant. | ) | |

## CONCURRING OPINION

I concur in the majority opinion, except I believe that the law regarding parole eligibility instructions under the former statute is more settled than the majority opinion believes it to be. In State v. Green, 985 S.W.2d 591, 615-16 (Tenn. Crim. App. 1998), app. denied (Tenn. Apr. 12, 1999), this court held that an instruction that the jury could "weigh and consider" the meaning of a sentence of imprisonment in its deliberations was not error and was mandated by the legislature. The remainder of the cases cited in the majority opinion that deal with the parole eligibility instruction issue are unpublished. Unpublished cases carry no precedential value and are, at most, to be viewed as persuasive authority. See Fisher v. State, 197 Tenn. 594, 597, 277 S.W.2d 340, 341 (1955); Tenn. Sup. Ct. R. 4 (H)(1). Published cases are precedential authority and are binding upon us until they are expressly overruled by a court of appropriate jurisdiction. See Meadows v. State, 849 S.W.2d 748, 753 (Tenn. 1993); Tenn. Sup. Ct. R. 4 (H)(2). Thus, Green controls.

_____
Joseph M. Tipton, Judge