STATE OF MAINE
*vs.*
WARREN PRATT

Cumberland.   Opinion, September 19, 1955.

*Frederic S. Sturgis,*
*Arthur A. Peabody,* for State.

*I. Edward Cohen,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ., THAXTER, A.R.J.  TAPLEY, J., did not sit.

PER CURIAM.

In an indictment in proper form the State alleged that the respondent "did then and there commit the crime against nature with mankind, to wit, did feloniously cause and entice a certain female, to wit, one (naming her) to perform the act of manual manipulation upon the sexual parts of him, the said Warren Pratt, against the order of nature," etc. Respondent seasonably demurred. The presiding justice overruled the demurrer, expressly citing in support of that action *State* v. *Townsend,* 145 Me. 384. Respondent's exceptions test that action.

The indictment does not set forth the age of the alleged victim. We gather from the oral argument of respondent's counsel that he does not press his argument that that omission is fatal to the indictment. The argument, even though pressed, would not avail. Where the crime against nature is charged, the age of the victim or pathic is not material and there is no requirement that it be alleged.

R. S., 1954, Chap. 134, Sec. 3 provides, "Whoever commits the crime against nature, with mankind or with a beast, shall be punished," etc. The Statute is silent as to the particular acts which are thereby forbidden. It has always been recognized that when a statute defines an offense in the generic terms of the common law, without more particular definition, courts must resort to the common law to ascertain the particular acts which may constitute the crime. Very divergent views have resulted when the courts of many jurisdictions have attempted to apply this test to "the crime against nature." Our court has consistently interpreted this statute as being very broad in its scope. It was held to include penetration *per os* (fellatio) in *State* v. *Cyr,* 135 Me. 513; and likewise in *State* v. *Townsend, supra,* to include the equally base and degraded acts which constitute what is known in medical jurisprudence as cunnilingus. The Legislature has not seen fit to amend the act since these

decisions were rendered and may be deemed to have accorded tacit approval to that breadth of definition. But it does not follow that every act of sexual perversion is emcompassed within the definition of "the crime against nature." We are aware of no case in which a statute worded like our own has been interpreted as broad enough to include acts similar to those alleged here. The crime against nature involving mankind is not complete without some penetration, however slight, of a natural orifice of the body. The penetration need not be to any particular distance, and the fact of penetration may be proved by circumstantial evidence as by the position of the parties and the like. Wharton Crim. Law, 11th Ed., Vol. I, Sec. 758, Page 970; 81 C. J. S. 371, Sec. 1 (4) ; see also *Commonwealth* v. *Bowes,* 166 Pa. Super. 625, 74 A. (2nd) 795; *Roberts* v. *State,* 47 P. (2nd) (Okla.) 607; *State* v. *Gage,* 139 Iowa 401, 116 N. W. 596.

The indictment before us charges acts of vile, unnatural and detestable sexual perversion, but falls short of alleging acts which comprise the crime against nature. The State is not required to specify the acts upon which it will rely, but having done so, it renders the indictment vulnerable to demurrer.

The entry will be,

*Exceptions sustained.*

*Indictment adjudged bad.*