STATE OF MAINE
*vs.*
ROBERT F. VILES, SR.

Cumberland.   Opinion, January 28, 1965.

*Walter G. Casey, Asst. County Atty.,* for State.

*Joseph E. Brennan,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

MARDEN, J.   On appeal.   After a verdict of guilty to a charge of sodomy, seasonable motion for a new trial upon allegation that the verdict was against the evidence and denial of that motion, the respondent appealed.   The single question before this court is whether in view of all the testimony, the jury was warranted in believing beyond a reasonable doubt that the respondent was guilty as charged. *State* v. *Croteau,* 158 Me. 360, 361, 184 A. (2nd) 683.

The charge is founded upon complaint by the respondent's daughter, 15 years of age at the time of the alleged offense, that on December 21, 1963 in the absence of the wife and mother, the respondent and complainant engaged in perversive sexual conduct in which the girl's anus was involved.   The crucial element of fact is whether or not during the incident there was penetration of the complain-

ant's *anus* by the male sex organ of the accused. Such penetration is an essential element of the offense. 48 Am. Jur., Sodomy, § 2.

The word *"anus"* (or any synonymous word) appears no where in the record. All reference to that portion of the complainant's body allegedly involved is recorded as "rectum." The two words identify separate portions of the human anatomy.

The rectum is "the terminal part of the intestine * * * from the sigmoid flexure to the anus." The anus is "the posterior opening of the alimentary canal." Webster's Third New International Dictionary, Unabridged, 1961.

Any penetration of the rectum from without, would, by physical necessity, involve a penetration of the anus, but there could be a penetration of the anus without penetration of the rectum.

Apart from the conclusion which would have to follow a finding of penetration of the rectum, whether or not the rectum were penetrated is technically irrelevant to this case. The fact that State's counsel, witnesses and the presiding justice used the word in obvious reference to the anal orifice, cures no deficiency in the record. We can test the validity of the verdict only upon the premise that if the jury were justified in finding that there were penetration of the complainant's rectum by the virile sex organ of the respondent, there had to be penetration *per anum,* — upon which the charge necessarily has to be based.

The accusation stands or falls upon the direct testimony of the complainant and certain statements made by the accused in the presence of the complainant, her mother, and attending officers. The extraction of the facts controlling the charge is complicated by the allegations that the respondent's sexual endeavors were directed both to the anterior and posterior portions of the complainant's body.

Portions of both her testimony and the statements attributed to the respondent are unclear as to which feature of the incident the testimony and statements relate. Evidence relating the defendant's conduct to the girl's genitals is fully as specific as that relating to her anus.

If there were conduct on the part of the accused directed toward what might be considered as conventional sexual intercourse, while this conduct might well violate some of our statutes (R. S., 1954, Chapter 134, § 6, indecent liberties; Chapter 130, § 11, carnal knowledge; Chapter 134, § 2, incest), such evidence would not warrant a finding of commission of a crime against nature. The validity of the finding of guilt upon the offense with which the respondent was charged, must turn upon the evidence dealing with the respondent's efforts directed to the posterior region of the girl's anatomy.

Without rehearsing the evidence, and conceding that the testimony of the girl was at times equivocal, that her understanding of the meaning of the word "penetration" was unclear, that she was perhaps academically slow and, at trial, a bewildered girl of teen age, — all of which bear upon the weight which the jury might give her narration, there is evidence to support the verdict.

Complainant testified upon recall:

"Q. (By Mr. Casey)  When you testified previously this morning, did you understand what I meant?

"A. No, I didn't.

"Q. And I am going to ask you one other question, Sally. Did some part of his penis enter your rectum?

"A. Yes."

An officer testified as to an interview with the respondent:

"A.  He would — the act of which he was, about which he was accused was explained to him in detail and he told me, 'I did it.' "

The case presented a typical jury question.

Upon the record, the jury was warranted in finding, beyond a reasonable doubt, that the respondent was guilty as charged.

*Appeal denied.*
*Judgment for the State.*