**STATE of Maine**

v.

**Stanley P.RATT.**

Supreme Judicial Court of Maine.

Oct. 1, 1973.

Henry N. Berry, III, County Atty., Portland, Dwight Fifield, Law Student, for plaintiff.

Maurice Davis, Paul K. Stewart, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

On January 13, 1971 the Grand Jury for the County of Cumberland returned an indictment against the Defendant for Sodomy (17 M.R.S.A. § 1001). The complainant was a nine-year-old boy. On September 30, 1971, trial was held and the jury

returned a verdict of guilty. Defendant's court appointed counsel at trial, again appointed to represent Defendant here in this appeal, urges that the judgment of conviction should now be set aside on the grounds that 1) the verdict is against the weight of the evidence, and 2) that the Justice's charge with regard to an essential element of sodomy constitutes reversible error.

■ We have held that the sufficiency of the evidence to support the verdict is not before the Law Court on review unless the Defendant has filed at the trial level either a motion for acquittal under M.R. Crim.P., Rule 29 or a motion for a new trial under M.R.Crim.P., Rule 33. State v. Gamage, Me., 301 A.2d 347, 348 (1973); State v. Pullen, Me., 266 A.2d 222, 229 (1970). This Defendant did not file either motion and failed to present the Trial Court with any opportunity for corrective action. Therefore, we will not treat the sufficiency of the evidence issue as before us unless it is necessary to do so to prevent manifest injustice. State v. Gamage, Me., 301 A.2d 347 (1973); State v. Pullen, Me., 266 A.2d 222 (1970); M.R.Crim.P., Rule 52(b).

■ Our examination of the record satisfies us that it presents factual issues and that the testimony of the State's witnesses, if accepted as credible by the jury, was sufficient to support the jury's verdict. Therefore, we find no manifest injustice presented by the sufficiency of the evidence issue and decline to treat the first ground of appeal as before us.

■ Similarly, no timely objection was made by Defendant to that part of the Justice's charge of which the Defendant now complains. We have made clear that M. R.Crim.P., Rule 30(b), which places upon counsel the obligation to make timely objection which would afford the trial court opportunity to take corrective action before the jury retires to consider its verdict, establishes a condition precedent to a defendant's right to assign such a matter as error on appeal. State v. Collins, Me., 297 A.2d 620, 631 (1972). Therefore, Defendant's claim that the jury was erroneously instructed is also cognizable on appeal under Rule 52(b) only if the error is seriously prejudicial tending to produce manifest injustice. State v. McKeough, Me., 300 A.2d 755, 757 (1973).

We will measure the Defendant's contention that the Justice erroneously instructed the jury in such a manner as to exclude effectively the jury's consideration of an essential element of the crime of sodomy against the standard of manifest injustice discussed in *McKeough* and *Collins*.[1]

■■ It appears from the record that the Justice instructed the jury that the charge of sodomy would be satisfied if the State had proved that the Defendant's penis in any way touched the anus of the boy.[2] Such an instruction is an erroneous statement of the law. We have held that a penetration, however slight, of the anus by the male sexual organ is an essential element of the crime. State v. Pratt, 151 Me. 236, 238, 116 A.2d 924, 925 (1955); State v. Viles, 161 Me. 28, 29, 206 A.2d 539 (1956).

---

1. We will not reach the question of whether the alleged error was also one of federal constitutional proportions requiring consideration of the effect of In the Matter of Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

2. We have serious doubts that the Justice actually used the erroneous language attributed to him. The record contains many obvious, serious reportorial and stenographic errors,

with particular apparent inconsistency in the area of this portion of the Justice's instruction. The Justice's experience and competence in the trial of criminal matters is well known and it seems unlikely that he would have fallen into this error or that experienced counsel (who share a responsibility as to the correctness of an instruction) would have permitted such an easily recognizable error to go unchallenged. Nevertheless, in our treatment of the issue, we will assume the record correctly reflects the Justice's statement.

A brief recital of the facts is necessary to our evaluation of the effect of the error upon the verdict.

The little boy testified that the 20-year-old Defendant pulled him off his bicycle and dragged him into a shed-bicycle shop behind Defendant's home where the alleged act of sexual perversion took place. The boy's father said that when he went looking for the boy at the Defendant's home the boy came from behind the Defendant's home, crying, and with his trousers and underpants in his hand. The father saw a person running into the woods. The Defendant testified that he found the boy in the bicycle shop and ejected him but that their only physical contact consisted of his taking the boy "by the scuff of the neck". He denied that the boy was unclothed. The Defendant's uncle testified that he saw the boy run, fully clothed and crying, directly from the area of the shed to his father's car.

The nine-year-old boy, no doubt frightened and bewildered, lapsed into silence early in his testimony:

"Q  He pulled you off your bike?

A  Yes.

Q  And would you tell us what happened then?

A  [Silence]

Q  You say Pratt pulled you off your bike?

A  Yes.

Q  Would you tell us what he then did?

A  [Silence]

Q  Clifford do you remember what happened that day?

A  Yes.

Q  Can you tell us what happened?

A  [Silence]

Q  Are you afraid Clifford?

A  Yes.

Q  What are you afraid of?

A  [Silence]

MR. LOWRY: Your Honor, may we have a short recess at this time?

THE COURT: Court will be in recess."

After a 15-minute recess, Court resumed and the Presiding Justice modified a previous order sequestering the witnesses and permitted the boy's father to be present in the courtroom. The next question and answer were as follows:

"Q  Now Clifford, you must remember you are still under oath to tell the truth. After Mr. Pratt pulled you from the bike, what happened?

A  He took me out in his cabin and stuck his penis in my rectum."

In State v. Viles, supra, we remarked upon the anatomical fact that the portion of the body correctly described as the rectum is interior in relation to the anus and so any penetration of the rectum would necessarily include a penetration of the anus. We said in *Viles* that the testimony that the rectum was penetrated, if accepted as credible by the jury, supported the jury's findings that the anus had been penetrated. So would it support a jury's findings here, as we indicated in our disposition of the first issue.

But the jury's verdict in *Viles* followed a proper instruction as to the elements of sodomy. In our case, the instruction was erroneous and the jury was told that it was not necessary for a conviction that they should determine that it had been proved beyond a reasonable doubt that there had been a penetration.

So the issue now becomes not whether the jurors *could* have found beyond a reasonable doubt from the language used that there had been penetration but, rather,

whether we can say that they *would* have so found if they had been instructed that penetration is an essential element of the crime of sodomy.

The jury saw the nine-year-old boy experiencing understandable difficulty in describing the unpleasant incident. Immediately after his return to the witness stand following the 15-minute recess the boy broke his silence by describing the incident in anatomical terms. We do not mean to suggest that the boy had been prevailed upon to give untrue testimony, but the jury may well have believed that he had adopted language which had been suggested to him without his fully understanding its technical import. We are constrained to conclude that while the jury was obviously satisfied that the boy was honestly describing an act of sexual perversion perpetrated upon his person, the jury—if properly instructed—might not have been satisfied that the boy intended, by the anatomical terms he used, to assert that there had been not only an assault but a penetration as well.

The little boy's age and intelligence, the language he used—unequivocal if used by a medical expert but open to interpretation when used by a child, the absence of any additional testimony from the complainant in regards to whether penetration had in fact occurred, and the significance, if any, of the crucial testimony having occurred immediately after the recess, were all matters for the jury's evaluation.

We cannot say that we are satisfied that the jury, if properly instructed, would have found that there had been a penetration. We cannot find that the error was harmless.

The entry will be:

Appeal sustained. New trial ordered.

All Justices concurring.

WEBBER, J., sat at oral argument but retired before the adoption of the opinion.

POMEROY, J., did not sit.