**STATE of Maine**

v.

**Michael LAPOINTE.**

Supreme Judicial Court of Maine.

May 24, 1976.

---

John E. Welch, Dist. Atty., Houlton, Charles K. Leadbetter, Asst. Atty. Gen., Augusta, for plaintiff.

Kelley & Burleigh by Peter S. Kelley, Caribou, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

On February 13, 1975 defendant Michael Lapointe was tried, jury-waived, in the Superior Court (Aroostook County) upon an indictment which, in appropriate separate counts, charged defendant with the crimes of abduction (17 M.R.S.A. § 1),[1] kidnap-

---

1. 17 M.R.S.A. § 1 provides:
   "Whoever takes a woman unlawfully and against her will and by force, menace or duress compels her to marry him or any other person, or to be defiled, shall be punished by imprisonment for any term of

ping (17 M.R.S.A. § 2051)[2] and sodomy (17 M.R.S.A. § 1001).[3]

The Court acquitted defendant of kidnapping but found him guilty of abduction and sodomy. Defendant has appealed from the judgment of conviction entered as to each said charge.

We deny the appeal.

The Court was warranted in concluding that the evidence established the following facts.

On January 25, 1974, at approximately 11:00 p. m., the woman complainant herein, a licensed practical nurse, had finished her work at the Cary Memorial Hospital in Caribou. She left the hospital by the rear door, and, after parting from a friend at a point near the entrance, walked alone to a spot just beyond the far corner of the parking lot where her automobile was parked. As she approached her car, she saw defendant crouching beside an automobile parked in the vicinity. She turned to go back into the hospital. Defendant grabbed her arm, and, holding her, asked her the way to the police station. As she was telling him that she did not know, a truck passed by and caused defendant to be momentarily distracted, enabling complainant to break away. She started running toward the hospital, but defendant ran after her, grabbed her and knocked her down. She screamed two or three times before defendant put his hand over her mouth. He then pulled her to her feet and dragged her to a place on the road between her car and the car next to it. Defendant told complainant that if she remained quiet, he would not hurt her, and he then removed his hand from her mouth. She told defendant that she was pregnant, and asked him not to hurt her. Defendant asked her for money, and she gave him $3, which was all the cash she had. Defendant then said that he wanted to talk to her and to go for a walk. She answered that there were some excellent doctors in the hospital, and why didn't he talk to one of them. He refused, and holding her arm, he walked with her, under street lights, and down the street by the hospital. At one point, when an automobile passed them, defendant put his hand over complainant's mouth and forced her down between two parked cars until the car went by. As they came to a road leading to a school, complainant again tried to get away. She was told that if she did not come along quietly, she would be hurt. She complied, and defendant had her go up the stairs to the school door where he backed her into a corner and stood facing her. He then said that if she would allow him to see her breasts, he would let her go. Defendant tried to unzip complainant's dress but failed. When defendant directed complainant to assist him, she did. Defendant laid bare complainant's breasts and fondled them. Defendant then said to complainant that if she would permit him to kiss her breasts, he would let her leave. She said "okay" on this condition. The man then asked her if she had ever performed fellatio. She said "no" and asked the man to let her go. The man then put his hands up to her throat and said, "You know I can make you do it."

years. Whoever so takes a woman, with intent by such means to compel her to do so, shall be punished by imprisonment for not less than one year nor more than 10 years."

2. As here pertinent, 17 M.R.S.A. § 2051 (as amended by P.L. 1965, Chapter 347, Section 1) provides:
"Whoever, except in the case of a minor by his parent, kidnaps or unlawfully confines, inveigles, decoys, imprisons, transports or carries another out of the State, or from place to place within it, shall be punished by imprisonment for any term of years. . . . On trial, the consent of such person shall not be a defense unless it appears that it was not obtained by fraud, threats or duress."

3. 17 M.R.S.A. § 1001 provides:
"Whoever commits the crime against nature, with mankind or with a beast, shall be punished by imprisonment for not less than one year nor more than 10 years."

She then performed an act of fellatio upon defendant. After the act, defendant helped her down the stairs of the school and up a slight incline leading back to the main road. He gave her a cigarette, and stopped and waited for her when she complained of a cramp. When they returned to the car, defendant told her that if she told the police or her husband of the incident, he would kill her and her baby. He also told her he was sorry she had been involved as she was a nice decent girl. Defendant then ran off.

The complainant drove home and related the incident to her husband. She arrived home at or slightly before midnight. At about 12:45 a. m. she phoned the Caribou police and reported the incident. At 11:00 a. m. the next morning she went to the Caribou Police Station and spoke with police.

### 1.

■ As his first basic point on appeal, defendant contends that the evidence is insufficient to warrant the convictions adjudicated against him. Defendant asserts three grounds of inadequacy: (1) the evidence failed to prove beyond a reasonable doubt that the conduct of complainant, as involved in the crimes of which defendant was found guilty, was without her consent and against her will; (2) the evidence showed only, as sexual conduct "against nature", an act of oral sexual contact and, therefore, was insufficient to prove defendant guilty of the crime of sodomy; and (3) the evidence failed to establish the crime of abduction because it failed to prove, as one essential element of that crime, that the victim had been deprived of her personal liberty for a period of time longer, at minimum, than the approximately 30 minutes here involved.

As to defendant's contention concerning "consent", which is relevant to the crime of abduction but not the crime of sodomy, we need say only that the evidence shows plainly that the complainant acted without consent and against her will because she was coerced into submission not only by defendant's actual use of superior force upon her but also by the intimidation resulting from defendant's threats to continue to resort to physical force upon her and the baby she was carrying.

Relative to defendant's contention that the evidence failed to prove sodomy, defendant's argument reveals that defendant has misconceived the legal import of the language of this Court in *State v. Viles,* 161 Me. 28, 206 A.2d 539 (1965) and *State v. Pratt,* Me., 309 A.2d 864 (1973). In those cases this Court spoke of the crime of sodomy solely in the terms of sexual acts of anal penetration only because the particular facts of those cases happened to involve such conduct. *Viles* and *Pratt* were not calculated to, and did not, overrule the square decision of this Court in *State v. Cyr,* 135 Me. 513, 198 A. 743 (1938), reiterated in *State v. Langelier,* 136 Me. 320, 8 A.2d 897 (1939), that proof of an act of fellatio sufficiently establishes the crime of sodomy as defined by Maine statute.[4]

Defendant is also in error in his claim that the evidence failed to prove abduction because of the extremely short duration of the period in which defendant deprived the complainant of her personal liberty.

■ The Maine statutory definition of abduction addresses the factor of the deprivation of the personal liberty of the victim solely in terms of the "taking" of a woman "unlawfully and against her will." In Maine law, therefore, it is not necessary, as it is under the statutes of some other

4. See also: *Rose v. Locke,* 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975) for a revealing discussion by the Supreme Court of the United States of the law of Maine on the point here at issue.

states, that consequent upon the "taking", the victim be detained for some period. In the law of Maine the fact alone that defendant causes the person of a woman to be subjected, against her will, to his physical control for any period of time, however short, sufficiently establishes the deprivation of personal liberty which is an element of the crime of abduction. Cf. *Commonwealth v. McCusker*, 363 Pa. 450, 70 A.2d 273 (1950) in which the Pennsylvania Court arrived at a like conclusion in a similar context.

### 2.

As a second basic point of appeal, defendant argues that the Justice of the Superior Court committed reversible error when he refused to permit defendant, upon defendant's request, to be absent from the courtroom while the State's witnesses were testifying.[5]

This contention by defendant requires us to address the legal effect of Rule 43 M.R. Crim.P. which reads:

> "The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury, and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by life imprisonment, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes. In prosecutions for offenses punishable by fine or by imprisonment for less than one year, or

both, the court may permit arraignment, plea, trial and imposition of sentence in the defendant's absence. The defendant's presence is not required at proceedings for post-conviction relief under Rule 35(b), although the court may require the defendant's presence."

As we glean defendant's position, it is that when, as here, the prosecution is for an offense "not punishable by life imprisonment", the provision of Rule 43 that a personal defendant "be present . . ., at every stage of the trial" is properly to be interpreted as signifying that such defendant has a *right,* but *not* a *legal obligation,* to be present (and, therefore, has a right to be absent) at every stage of the trial.[6]

The view of the State is that in all prosecutions for offenses other than those punishable "by fine or by imprisonment for less than one year, or both, . . ." (1) the explicit opening sentence of Rule 43 that the

> "defendant *shall* be present . . . at every stage of the trial" (emphasis supplied)

establishes *both* the right *and* the legal obligation of a personal defendant to be present throughout the trial; (2) this right and legal obligation are *absolute* under Rule 43 when the prosecution is for an offense "punishable by life imprisonment"; (3) if, however, as here, the prosecution is for an offense punishable by imprisonment for a year or more, though not life imprisonment: (a) Rule 43 confers authority on the Court to determine that defendant has forfeited his right to be present throughout the trial should defendant, by his "volun-

---

5. Defendant's purpose in being absent was to deprive the State of opportunity to have him identified in the courtroom by the complainant whose prior out-of-court identification of the defendant as her assailant the presiding Justice had already held inadmissible as evidence because tainted by impermissible suggestiveness. (See, infra).

6. Defendant apparently acknowledges that when the prosecution is for an offense punishable by life imprisonment, defendant has not only the right but also the legal duty to be present at every stage of the trial.

tary absence", violate his legal obligation to be present at the trial; but (b) because Rule 43 states expressly that as to those offenses which are punishable by less than imprisonment for one year the

"  .  .  .  court may permit  .  .  . trial  .  .  .  in the defendant's absence"

but omits such provision for offenses punishable by imprisonment for a year or more, the Court lacks authority to relieve a personal defendant under prosecution, as here, for crimes punishable by imprisonment for a year or more of his legal duty to be present throughout the trial—and this is true notwithstanding that defendant expressly waives his right to be present.

■ We agree with the State's rather than the defendant's, basic conception of the legal import of Rule 43—more particularly, the State's view that Rule 43, while acknowledging the right of a defendant to be present at all stages of the trial, also imposes upon a human defendant a legal obligation to be thus present. Accordingly, we decide that notwithstanding that Rule 43 recognizes a defendant's power to waive the right to be present throughout the trial of a charge of crime against him, such prerogative of waiver does not per se establish in a human defendant a right to be absent at any stage of the trial. The personal defendant has no such right of absence precisely because Rule 43 imposes upon a personal defendant the affirmative legal obligation of presence at every stage of the trial.

Having said this much, we take the precaution to add that it is presently unnecessary, however, that we go further and decide whether the State is also correct in its claim that when, as here, the prosecution is for offenses punishable by imprisonment for a year or more (but not life imprisonment), the Court is without authority to relieve the defendant of the legal obligation of presence.

■ Assuming arguendo that Rule 43 allows the Court to relieve the defendant in the instant prosecution of his legal obligation to be present throughout the trial, we conclude that even on such hypothesis, defendant can take nothing from the instant point of appeal. Since the hypothesis is that it was for the presiding Justice to decide whether defendant, having waived his *right*, should be relieved of his *duty*, to be present, the present issue becomes whether the presiding Justice was guilty of an abuse of discretion in refusing to permit defendant to be absent. Defendant has shown no abuse of discretion. It was reasonable, and not a violation of defendant's constitutional privilege against self-incrimination, for the Court to require defendant to be available in the courtroom as a means of affording the State fair opportunity to present all of the evidence known to it, including an in-court identification by the complainant of the defendant as her attacker.

*3.*

We also find without merit a last ground of appeal asserted by defendant:—that the presiding Justice committed reversible error in allowing into evidence the complainant's in-court identification of the defendant.

As already mentioned (n. 5, ante), the presiding Justice had ruled inadmissible testimony to the effect that complainant had made a prior out-of-court identification of the defendant as her assailant. In this previous identification complainant viewed a photograph depicting several persons and from this group complainant selected defendant as the man who had attacked her.

Although the presiding Justice had excluded this out-of-court photographic identification of the defendant, he saw fit to allow into evidence complainant's face to

face in-court identification of defendant because, as the presiding Justice explicitly found:

> " . . . the in court identification . . . is supported by credible evidence outside of the area of the photograph. The witness, . . . on the occasion of the incident, . . . had the opportunity to make observations of the physical nature of the Defendant over a relatively extended period of time involving passing under two street lights where she would have had and had the opportunity to see him clearly."

The presiding Justice had thus concluded that the complainant's in-court identification of the defendant as her assailant had derived from a source independent of whatever impermissible suggestiveness had been involved in her prior out-of-court photographic identification of the defendant.

The evidence amply supports this finding by the presiding Justice. Further, the presiding Justice was correct in his legal conclusion that an in-court identification of defendant is admissible as evidence—notwithstanding that the identifying witness, before trial, may have been exposed to defendant, either in person or by photograph, in a constitutionally impermissible manner—provided that such in-court identification springs from a source independent of the earlier tainted confrontation. *State v. Barlow,* Me., 320 A.2d 895 (1974); *State v. Rowe,* Me., 314 A.2d 407 (1974).

The entry is:

*Appeal denied.*[7]

All Justices concurring.

---

7. Our decision denying defendant's appeal renders moot a cross-appeal by the State in which the State seeks to have this Court evaluate the correctness of the presiding Justice's exclusion of the proffered evidence as to the complainant's out-of-court photographic identification of the defendant. *State v. Bonney,* Me., 351 A.2d 107 (1976).