STATE of Maine

v.

Terri ROSSIGNOL.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 5, 1995.

Decided March 1, 1995.

R. Christopher Almy, Dist. Atty., Bangor, for state.

Joseph M. Baldacci, Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant Terri Rossignol appeals from a judgment entered in the Superior Court (Penobscot County, *Chandler, J.*) affirming her conviction, in the District Court (Newport, *Russell, J.*), for operating a motor vehicle while under the influence of intoxicating liquor. 29 M.R.S.A. § 1312 (Pamph.1994). Defendant contends that the trial court abused its discretion by ordering her to appear at trial, thereby permitting the in-court identification of her by a State's witness. Defendant also asserts that there is insuffi-

cient evidence to support her conviction. We affirm the judgment.

At about 2 o'clock in the morning on November 10, 1991, the Piscataquis County Sheriff's Department received a call reporting that a car with its motor and headlights off was parked in the driving lane on Route 15 in Charleston. Police went to the scene and found defendant curled up on the front seat leaning toward the passenger's side. The hood of the car "seemed warm" to one of the officers. The officers removed defendant from the car, placed her in the police cruiser and questioned her. After submitting to blood alcohol testing, defendant was transported to her home.

Prior to the trial, defendant moved to suppress all statements made when she was questioned in the police cruiser. The District Court (Newport, *Mills, J.*) denied the motion. Defendant entered a conditional guilty plea and appealed the ruling. The Superior Court (Penobscot County, *Smith J.*) affirmed, but on appeal we vacated the judgment, holding that all the statements made to the police officer were inadmissible. *State v. Rossignol,* 627 A.2d 524 (Me.1993).

On remand, defendant withdrew her conditional guilty plea. She did not appear at the trial and her attorney informed the court that he was authorized to proceed in her absence. In response to the court's inquiry about the reason for her absence, defense counsel replied that defendant "does not have to be here, your Honor, according to Rule 43.... Defendant is working, and it's not necessary that she be here for this trial, your Honor. She's not going to be a witness." The State made no objection, and the trial proceeded. After the State's first witness had testified, the court determined that defendant's identification was at issue. The court referred to the M.R.Crim.P. 43 [1] and concluded that it did not entitle defendant to

be voluntarily absent without the court's permission. The court then denied such permission; defendant appeared and was identified by a State witness. After being found guilty, defendant appealed her conviction. The Superior Court affirmed, and defendant now appeals to this Court.

■ Defendant asserts that she complied fully with the requirements of M.R.Crim.P. 43, which she interprets to permit a defendant to be absent from trial for a minor offense. She argues that the court abused its discretion by requiring her presence, thereby aiding the State in proving her identity. Defendant further asserts that the court impliedly permitted her absence by allowing the trial to proceed, and that the subsequent revocation of permission represents an abuse of discretion. We disagree.

■ When the Superior Court acts as an intermediate appellate court, we review the decision of the trial court directly. *Noyes v. Noyes,* 617 A.2d 1036, 1037 (Me. 1992). The decision to permit a trial in the absence of the defendant is within the discretion of the court and is reviewed only for an abuse of that discretion. *State v. Lapointe,* 357 A.2d 882, 887 (Me.1976). Rule 43 authorizes the court to permit the trial of a represented defendant in the defendant's absence when the prosecution is for an offense punishable by fine or imprisonment for less than one year. We have stated that "Rule 43, while acknowledging the right of a defendant to be present at all stages of the trial, also imposes upon a human defendant a legal obligation to be thus present." *State v. Lapointe,* 357 A.2d 882, 887 (Me.1976). Although a defendant has the power to waive the right to be present throughout the trial, "such a prerogative of waiver does not establish in a human defendant a right to be absent at any stage of the trial." *Id.* It is for the trial court to decide whether defen-

---

1. Rule 43 provides:

The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury, and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for any offenses the defendant's voluntary absence after the trial has commenced in the defendant's presence shall not prevent continu-

ing the trial to and including the verdict and imposition of sentence. A corporation may appear by counsel for all purposes. In prosecutions for offenses punishable by fine or by imprisonment for less than one year, or both, the court may permit arraignment, plea, trial and imposition of sentence of a represented defendant in the defendant's absence.

dant, having waived her right, should be relieved of her duty to be present. *Id.*

In *Lapointe*, defendant requested permission to be absent from the courtroom while the State's witnesses were testifying, thus attempting to deprive the State of the opportunity to have a witness make an in-court identification. The trial court refused permission and, on appeal, we found no abuse of discretion. We held that it was reasonable for the "[c]ourt to require defendant to be available in the courtroom as a means of affording the State fair opportunity to present all of the evidence known to it, including an in-court identification . . ." *Id.* *Lapointe* clearly controls on the issue of the court's authority to require defendant's presence for identification. Consequently, defendant's assertion, that the court abused its discretion by improperly assisting the State in proving an element of the charge, is without merit.

Defendant also asserts that the court abused its discretion by impliedly granting, then withdrawing permission after the trial was underway. The record demonstrates that defense counsel's initial response to the court's query was incorrect. Counsel implied that defendant had the right to be absent. The State did not object and the court, without further inquiry, allowed the trial to proceed. Even assuming, as defendant argues, that by proceeding with the trial the trial court did implicitly grant permission for defendant to be absent, that permission was based on the incorrect interpretation of Rule 43 offered by defense counsel, and the court's later reversal cannot, under these circumstances, be considered an abuse of discretion.

 Defendant next asserts that the State presented insufficient evidence for the court rationally to have found that she actually operated the motor vehicle. We review challenges to the sufficiency of the evidence by viewing the evidence in the light most favorable to the prosecution to determine if the factfinder rationally could have found the essential elements of the crime beyond a reasonable doubt. *State v. Tempesta*, 617 A.2d 566, 567 (Me.1992). This standard applies regardless of whether the conviction is based on direct or circumstantial evidence. *State v. Kenney*, 534 A.2d 681, 682 (Me.1987). Evidence in the record would support the following findings: defendant was alone in the car stopped in the middle of Route 15; it was mid-November, between two and three in the morning and the area was extremely remote; the car had been stopped for between five and twenty minutes prior to discovery; the hood of the car was still warm when officers arrived on the scene; neither police officers, a correctional officer who had recently patrolled the area, nor the passer-by who discovered the car saw anyone else in the area; defendant was slumped over in the front seat. From this evidence, the court rationally could have found that defendant operated the vehicle while under the influence of intoxicating liquor.

The entry is:

Judgment affirmed.

All concurring.