1998 ME 56

**STATE of Maine,**

v.

**David MALONEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 10, 1997.

Decided March 18, 1998.

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Atty., Portland, for the State.

John Paul DeGrinney, Law Offices of Anthony J. Sineni, III, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

SAUFLEY, Justice.

[¶ 1] The issue presented here is whether, in opposing a defendant's motion to suppress, the State has the burden of proving the identity of the defendant. We conclude that it does not, and therefore vacate the decision of the District Court (Portland, *Goranites, J.*) granting a motion to suppress on the sole ground that the State failed at the suppression hearing to identify the defendant as the person arrested.

[¶ 2] On December 1, 1996, Officer Matthew Barrett of the South Portland Police Department observed a vehicle operating the wrong way on a one-way street in South Portland. He immediately stopped the vehicle and approached the driver. Detecting the odor of alcohol, Barrett asked the driver to step out and perform field sobriety tests. At the conclusion of those tests, Barrett arrested the driver for operating a motor vehicle while under the influence of alcohol, *see* 29–A M.R.S.A. § 2411 (1996), and drove him to the police station. There, the driver agreed to take a blood alcohol test which revealed a blood alcohol level of .15.

[¶ 3] Maloney was subsequently charged by complaint with operating under the influence of alcohol pursuant to 29–A M.R.S.A. § 2411 and entered a plea of not guilty. Maloney filed a motion to suppress all evidence gathered as a result of the arrest, although he did not challenge the stop. The motion alleged that Maloney was the defendant in the matter at issue; that a police officer interrogated and arrested him on December 1, 1996; and that the officer lacked probable cause for the arrest. At the ensuing hearing on the motion, Barrett, the State's only witness, testified regarding the circumstances leading to the arrest, but did not affirmatively identify Maloney, who was present at the hearing. Maloney did not testify, and he presented no witnesses.

[¶ 4] At the conclusion of the hearing, Maloney advanced an alternate basis for suppression, arguing that the State had failed to identify him as the defendant or as the person arrested. Relying on *State v. Parkinson*, 389 A.2d 1 (Me.1978), the court agreed and granted the motion to suppress. The State then filed a motion for findings of fact and conclusions of law. In a written order, the court repeated its finding that "the State had failed to establish one prong of its burden on probable cause, namely to identify the Defendant," and declined to enter further findings and conclusions. This appeal by the State followed. *See* M.R.Crim. P. 37B; 15 M.R.S.A. § 2115–A(1) (1980 & Supp.1997).

[¶ 5] The State does not have an obligation at a hearing on a motion to suppress, as it does at trial on the merits,[1] to identify the defendant as the person who is alleged to have committed the crime. Nor, where the defendant has, through a motion to suppress, challenged the legality of an arrest as unsupported by probable cause, is the motion converted to a probable cause hearing, that is, a hearing at which the State must prove to a probable cause standard that this defendant committed a crime. *See* M.R.Crim. P. 5(d), 5A(d). Rather, a motion to suppress places upon the State the burden of proving that the State did not violate the defendant's constitutional rights. In order to

---

1. When the identity of the defendant is at issue, a formulaic recitation identifying the defendant is not necessary to accomplish that identification. *See State v. Guptill*, 481 A.2d 772 (Me.1984).

obtain a hearing on a motion to suppress, the defendant must bring himself before the court as the person whose rights were allegedly violated. Once the defendant has done this by filing a motion to suppress, identity is not at issue at the hearing.

[¶ 6] If, upon the filing of a motion to suppress, the State disputes the defendant's assertion that his own rights were violated by the actions of the State, it is the defendant who must establish standing to pursue the suppression of evidence. *See State v. Ayers,* 464 A.2d 963, 968 (Me.1983). The defendant, not the State, bears the burden of persuasion on the issue of standing. *See United States v. Salvucci,* 448 U.S. 83, 91, 100 S.Ct. 2547, 2554–55, 65 L.Ed.2d 619 (1980); *State v. Ayers,* 464 A.2d at 968 (citing *United States v. Dall,* 608 F.2d 910, 914 (1st Cir.1979), *cert. denied,* 445 U.S. 918, 100 S.Ct. 1280, 63 L.Ed.2d 603 (1980)). When the motion is based on a claimed violation of the Fourth Amendment, the defendant must demonstrate that his own reasonable expectation of privacy was violated by the action of the State. *See, e.g., State v. Hatch,* 614 A.2d 1299, 1302 (Me.1992); *State v. May,* 608 A.2d 772, 774 (Me.1992).

[¶ 7] Moreover, the State has no burden to produce any evidence until defendant's standing has been established.[2] *See State v. Ayers,* 464 A.2d at 968; *United States v. Lewis,* 40 F.3d 1325, 1333 & n. 1 (1st Cir.1994). The court, therefore, will not be called upon to scrutinize the constitutionality of the State's actions if the State successfully controverts the defendant's allegation that the defendant's own rights were violated. *See id.* at 1333 (citing *United States v. Cruz Jimenez,* 894 F.2d 1, 5 (1st Cir.1990)).

[¶ 8] Because in most instances there is no dispute that the defendant was the person subjected to the challenged action of the State, the State often does not contest the defendant's standing to bring the motion. Indeed, motion hearings are often conducted in the defendant's absence, *see* M.R.Crim. P. 43; 2 Cluchey & Seitzinger, *Maine Criminal Practice* § 43.2 at IX–9 (1992) (concluding that the purpose of Rule 43 is not served by requiring defendant's presence at arguments about questions of admissibility of evidence).[3]

[¶ 9] Here, Maloney filed a motion to suppress alleging that he was the person arrested by Barrett. The State did not contest this allegation. Therefore, the identification of Maloney as the individual arrested by Barrett was established before the hearing began. At that point, the State's sole burden was to prove, by a fair preponderance of the evidence, the existence of probable cause for that arrest. *See State v. Fogg,* 410 A.2d 548, 550 (Me.1980).

[¶ 10] We conclude, therefore, that the trial court erred in placing the burden of proving the defendant's identity on the State and in granting the motion to suppress evidence based on the lack of identification of the defendant. Because the case must be remanded for further proceedings, we do not address the State's challenge to the court's denial of its motion for further findings and conclusions.

The entry is:

Order vacated. Remanded to the District Court for further proceedings consistent with this opinion.

---

2. When the issue of standing is contested, evidence relating to the defendant's standing and evidence relating to the legality of the State's actions should be presented in one proceeding. *See State v. Hunt,* 682 A.2d 690, 692 n. 2 (Me. 1996). The motion court nonetheless cannot suppress evidence without first determining that the defendant has standing.

3. The trial court does have the authority to require the defendant's presence during trial on the merits. *See State v. Rossignol,* 654 A.2d 1297, 1298–99 (Me.1995) (citing *State v. Lapointe,* 357 A.2d 882, 887 (Me.1976)).