MAINE SUPREME JUDICIAL COURT                         Reporter of Decisions
Decision:      2015 ME 7
Docket:        Aro-14-115
Argued:        December 9, 2014
Decided:       January 29, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

## STATE OF MAINE

v.

## PAUL LOVETT

GORMAN, J.

[¶1]  Paul Lovett appeals from a judgment of conviction entered by the trial court (Aroostook County, *Cuddy. J.*) following the denial of Lovett's motion to suppress.  Lovett contends that law enforcement lacked probable cause to search the vehicle he was riding in.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  On September 13, 2013, the State filed an indictment charging Lovett with unlawful trafficking of scheduled drugs (Class B), 17-A M.R.S § 1103(1-A)(A) (2014), and seeking criminal forfeiture of cash discovered during the search, 15 M.R.S. § 5826 (2014).  Lovett pleaded not guilty, and then moved to suppress the evidence gathered from a search of the vehicle he was riding in on May 17, 2013.

2

[¶3] After hearing, the court found the following facts, which are supported by competent testimony in the suppression record. On May 17, 2013, Agent Shawn Gillen of the Maine Drug Enforcement Agency advised Agent Craig Holder that Crime Stoppers, an MDEA phone tip line, received information about a white Ford vehicle with Delaware plates leaving Fort Fairfield headed south on U.S. Route One. The informant reported that cocaine was hidden behind the CD player of the vehicle. The informant also reported that the vehicle was operated by a white female who had a black male passenger. At the time Agent Holder received the phone tip, he believed it was from an anonymous source. However, Agent Gillen testified that, at the time of the search, he understood that the tip was not anonymous and that the informant had given reliable information in the past.

[¶4] MDEA agents set up a surveillance point outside of Houlton on U.S. Route One, where they observed a white Ford vehicle with a white female operator and a black male passenger. The rear of the vehicle displayed a single Delaware plate. Agents stopped and searched the vehicle. Lovett, who is not challenging the stop of the vehicle, seeks to suppress the evidence found during this search conducted by Agents Holden and Gillen.[1]

---

[1] The suppression court found that agents discovered the evidence behind the CD player of a van. All of the testimony given at the suppression hearing tended to show that the vehicle was a truck, not a van, and that the evidence was found inside a DVD player, not behind a CD player. Nevertheless, these factual mischaracterizations do not affect our overall analysis.

[¶5]  The suppression court concluded that MDEA had sufficient probable cause to search the vehicle based on the totality of the circumstances, including the tip and confirmation of details from the tip, as observed by the MDEA agents. Lovett entered a conditional guilty plea for unlawful trafficking of scheduled drugs (Class B), 17-A M.R.S § 1103(1-A)(A), pursuant to M.R. Crim. P. 11(a)(2).  The court entered a judgment on the plea and made a finding as to criminal forfeiture, 15 M.R.S. § 5826.  It sentenced Lovett to twenty-four months in prison, fined him $400, and entered an order of forfeiture.  Lovett timely appealed the ruling on the motion to suppress pursuant to 15 M.R.S. § 2115 (2014) and M.R. App. P. 2.

## II.  DISCUSSION

[¶6]  We review the court's findings on the motion to suppress for clear error and the ultimate decision to suppress de novo.  *See State v. Bragg*, 2012 ME 102, ¶ 8, 48 A.3d 769.  We "will uphold the court's denial of a motion to suppress if any reasonable view of the evidence supports the trial court's decision." *State v. Diana*, 2014 ME 45, ¶ 11, 89 A.3d 132 (quotation marks omitted).

[¶7]   At the suppression hearing, the State argued that Lovett lacked standing to challenge the search of the vehicle, but the court did not address that issue in deciding the motion.  The State did not appeal the court's ruling, and neither of the parties briefed the issue on appeal, but we nonetheless address Lovett's standing because "[s]tanding is a threshold issue and Maine courts are

4

only open to those who meet this basic requirement." *Lindemann v. Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187, ¶ 8, 961 A.2d 538 (quotation marks omitted).

[¶8] "[T]he question of whether a specific individual has standing is significantly affected by the unique context of the claim." *Id.* If the motion to suppress asserts a violation of the Fourth Amendment, "the defendant must demonstrate that *his own* reasonable expectation of privacy was violated by the action of the State." *State v. Maloney*, 1998 ME 56, ¶ 6, 708 A.2d 277 (emphasis added); *see also State v. Ayers*, 464 A.2d 963, 968 (Me. 1983). Here, there is no evidence in the record tending to show that Lovett had a reasonable expectation of privacy in the vehicle he was riding in or an interest in the property that was seized and, therefore, we must conclude that Lovett did not have standing. *See Rakas v. Illinois*, 439 U.S. 128, 148 (1978) (stating that to establish standing to challenge the search of a vehicle, a defendant must demonstrate a "possessory interest" in the vehicle or "an interest in the property seized").

[¶9] Litigants and judges at suppression hearings must address the issue of standing because the inquiry as to whether a defendant's Fourth Amendment rights have been substantively violated requires a determination as to whether that defendant's reasonable expectation of privacy was violated. *See State v. Hamm*, 348 A.2d 268, 271-72 (Me. 1975). Here, because Lovett failed to show his

reasonable expectation of privacy in the vehicle, we agree with the court's conclusion that Lovett's Fourth Amendment rights were not violated by the search, and affirm the court's denial of his motion to suppress.

The entry is:

Judgment affirmed.

**On the briefs:**

Adam P. Swanson, Esq., Swanson Law, P.A., Presque Isle, for appellant Paul Lovett

Todd R. Collins, District Attorney, and Kurt A. Kafferlin, Asst. Dist. Atty., 8th Prosecutorial District, Houlton, for appellee State of Maine

**At oral argument:**

Adam P. Swanson, Esq., for appellant Paul Lovett

Todd R. Collins, District Attorney, for appellee State of Maine

Aroostook County Superior Court (Houlton) docket number CR-2013-69
FOR CLERK REFERENCE ONLY